THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD J. PAIGE, Appellant.

Third Department, May 8, 1975

*Russell E. Ruthig* for appellant.

*Robert E. Jones, District Attorney (Robert T. Jewett* of counsel), for respondent.

GREENBLOTT, J. This is an appeal from a judgment of the County Court of Cortland County, rendered July 19, 1974, upon a verdict convicting the defendant of the crimes of

burglary in the third degree and possession of burglar's tools. Following the guilty verdict, the defendant was sentenced to a term of imprisonment of one to four years.

The evidence of guilt was sufficient to sustain the convictions. However, serious error was committed by the trial court in its refusal of defense counsel's request to examine, for the purpose of cross-examination of several police officers, written notes and reports made by them in the course of their investigation. Because of this error, we are constrained, under the decisions of the Court of Appeals in *People v Rosario* (9 NY2d 286) and *People v Malinsky* (15 NY2d 86) to reverse the judgment of conviction and order a new trial to the defendant.

In the course of the People's case, testimony was given by Sgt. Carpenter concerning statements made to him by the defendant. On cross-examination, Carpenter conceded that he had made notes relative to that conversation. Defense counsel's request for an opportunity to examine the report and to use it for purposes of cross-examination was denied. Similar requests for reports of Officers Nichols, Loparco, Coye, Sampson and of Sgt. Davis, all of whom testified, were also denied.

A defendant was extended the right to examine prior statements of prosecution witnesses for use in cross-examination by the United States Supreme Court in *Jencks v United States* (353 US 657). This right was extended to New York defendants in *People v Rosario (supra)*. The Court of Appeals held that adequate protection of a defendant's right to have all favorable evidence presented to the jury could not be insured without making available to defense counsel prior statements cf witnesses for purposes of cross-examination.

The Court of Appeals reiterated the importance of this rule in *People v Malinsky* (15 NY2d 86, *supra)*, where the facts were somewhat similar to the instant case. In *Malinsky (supra)*, at a suppression hearing, the defense was denied the right to examine and employ, for cross-examination, written statements of a police officer recording communications with an informant. The Court of Appeals reversed.

We also note that the trial court in the instant case read the reports of the police officers *in camera* and, except for one portion of one officer's report which apparently had been turned over to defense counsel by the prosecution, denied the defense motion for discovery, stating: "I have reviewed that material and I find that there is nothing in it exculpatory to the defendant of such act that should be disclosed, and I am

going to deny request for disclosure." The Court of Appeals stated in *Malinsky* (15 NY2d 86, 90–91, *supra*):

"We made it unmistakably clear in *People v Rosario* (9 NY2d 286) that defense counsel must be permitted to examine a witness' prior statement, whether or not it differs from his testimony on the stand, and to decide for themselves the use to be made of it on cross-examination, *provided only* that the statement 'relates to the subject matter of the witness' testimony and contains nothing that must be kept confidential.' * * * In view of our decision in *Rosario* (9 NY2d 286, *supra*), the Judge presiding may not allow the People to keep from the defendants' counsel statements or notes made by a witness upon the ground that nothing in them could assist the defense or that no prejudice would result from withholding them."

The officers stated that they had prepared reports upon the matters about which they were testifying, and there was no claim of confidentiality. Thus, it was improper for the trial court to determine the usefulness of the officers' reports or any parts of such reports.

The trial court also mistakenly relied upon the definition of "exempt property" contained in CPL 240.10 (subd 3). CPL 240.10 (subd 3) becomes operative only with respect to the determination of a pretrial discovery motion, and has no application when the trial has commenced and the police officer testifies in behalf of the People. (2 Waxner, NY Crim Prac, par 14.11.) The practice commentaries to CPL article 240 do not give any indication whatsoever that the draftsmen intended that the effect of the article would be to narrow the applicability of the *Rosario* rule.

The judgment should be reversed, on the law, and in the interests of justice, and a new trial should be granted.

HERLIHY, P. J., MAIN, LARKIN and REYNOLDS, JJ., concur.

Judgment reversed, on the law, and in the interests of justice, and a new trial granted.