Memorandum. The order of the Appellate Division should be reversed and a new trial ordered.
It was error for the trial court to deny defense counsel’s request to inspect, for possible use on cross-examination, the written notes and reports made by the several police officers in the course of their investigation (People v Persico, 24 NY2d 758; People v Malinsky, 15 NY2d 86, 90-91; People v Rosario, 9 NY2d 286; see Jencks v United States, 353 US 657; cf. CPL art 240). Reliance on the in camera finding that the material had "nothing in it exculpatory to the defendant” was not in accord with our explicit holding in Malinsky (supra, pp 90-91) that a trial court "may not allow the People to keep from the defendants’ counsel statements or notes made by a witness upon the ground that nothing in them could assist the defense or that no prejudice would result from withholding them”. Since the request was made during trial, the CPL (art 240) provisions on pretrial disclosure did not apply (Pitler, New York Criminal Practice Under the CPL, § 10.13, p 474; cf. People v Hawa, 15 AD2d 740, affd 13 NY2d 718).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order reversed, etc.