OPINION OF THE COURT
John V. Aylward, J.
A motion and demand has been made by defense counsel for the production of a police report during a suppression hearing, which hearing pertains to the probable cause for the arrest of the defendant, the suppression of a loaded revolver found on the person of the defendant at the time of arrest, as well as a Huntley hearing seeking to suppress oral admissions and a written confession made by the defendant.
*383 The defendant is charged with murder in the second degree and criminal possession of a weapon in the second degree.
One of the witnesses called by the prosecution was a Senior State Police BCI Investigator who was asked on cross-examination whether he had made a report of the matter and when he replied "yes”, a demand was made for the production and delivery of that report to defense counsel. It so happens that this witness, C. D. Hudson, was the senior investigator supervising this murder investigation, and as such, he personally participated in parts of the investigation, including the interrogation of defendant which resulted in a written confession, and he also co-ordinated the work of many other investigators. As a result, the report of the senior investigator is the work product of all of the investigators including his own, and has attached thereto statements taken from many witnesses concerning the activities of the defendant and of the deceased for a period of approximately one week. The report is essentially the sum total of the work of all of the State Police. A considerable portion of the report pertains to statements of witnesses whose testimony will not be material to and who will not be called to testify at this suppression hearing.
Defense counsel justifies his demand for the entire report on the basis of the holding in People v Paige (40 NY2d 966) wherein at a plenary trial a police officer was obliged to disclose his report and notes concerning his interrogation of the defendant, as well as the reports of other police officers who testified at the trial. The request is also made on the basis of the holding in People v Malinsky (15 NY2d 86), which likewise required the disclosure at a suppression hearing of the report of a detective concerning his conversation with an undisclosed informant. The Malinsky case stated that (p 90) "it matters not whether the witness is testifying upon a trial or at a hearing”.
There can be no question but that when a police officer testifies either at a trial or at a hearing, he will be required upon demand to turn over the notes of his investigation, provided it is material to the subject matter of his testimony, at that hearing or at that trial. In the instant case we are confronted with a report, only portions of which are results of the investigation of the witness testifying, and portions of which report are not germane to this hearing.
To give impetus and meaning to CPL article 240 which pertains to pretrial discovery and the definition of property in *384 the possession of the prosecutor which is "exempt” by statute, and also in keeping with the philosophy expressed in the Federal criminal procedure statute, section 3500 of title 18 of the United States Code whereby the statement of any witness to a Government agent is not subject to subpoena, discovery or inspection until the witness has testified on direct examination at the trial, this court will deny the defendant’s request that this witness’ report be turned over to defendant in its entirety.
Nevertheless, this court does direct and order the District Attorney to deliver the report redacted so that the defendant will have the benefit of the report of this witness insofar as it pertains to the arrest of the defendant, including the probable cause for such arrest, as well as those portions of the report which refer to and include any statements made by the defendant together with the circumstances surrounding the taking of such statements, whether or not the material was the result of personal investigation by this witness or collated from other police investigators.
The court has reviewed in camera the entire report and has redacted it so as to conform with this decision, so that defense counsel will have the benefit for his own examination and for his determination as to which portions to use on cross-examination of any of the facts which the court has determined by this redaction to be material and relevant at this suppression hearing. Accordingly, the District Attorney is ordered to deliver to defense counsel the contents of paragraphs 29 through 38, both inclusive, of the report, Exhibit No. 1 for identification, and also the statements or reports of Trooper T. F. Robb, dated June 30, 1978; Trooper M. W. De Traglia, dated June 30, 1978; Trooper R. H. La Due, dated June 30, 1978; Robin R. Rubyor, dated June 30, 1978 and Robert J. Mono, dated June 30, 1978.
See People v Clow (62 AD2d 880) for a recent interpretation of the doctrines espoused in People v Rosario (9 NY2d 286), People v Conzolazio (40 NY2d 446), People v Paige (40 NY2d 966, supra), and People v Malinsky (15 NY2d 86, supra).
The court has also reviewed the entire report and the statements referred to therein and does not find any exculpatory material which should be delivered to defense counsel as Brady material.
There is a secondary issue in this case and that is the use of this report by this witness to refresh his recollection. *385 The court finds that the witness did not use the entire report to refresh his recollection for the purpose of testifying at this suppression hearing, but that he did read pages 11 and 12 of that report and that these pages have previously been delivered to defense counsel. At this point, defendant’s request for the entire report on the basis that the document was used to refresh the witness’ recollection is denied.
While this decision is being made to conform to the law and the statutes as they now exist, this court believes fundamentally that an accused is entitled to know not only the general nature of the charge upon which he is about to be tried, but also all of the specifics of the evidence which will be used against him. By the same token, if the accused has defenses which will exonerate him, he should be obliged to disclose his evidence of those defenses.
The prosecution of crime and the defense of it should no longer be a game of hide-and-seek. The time has occurred for the Legislature to adopt statutes which require complete and mutual disclosure of evidence which will be used on a trial.
The Fifth Amendment of the United States Constitution states that an accused shall not be compelled to testify against himself. It is not repugnant to the Fifth Amendment to require an accused to disclose in advance of trial the evidence of his innocence or of his defenses. In the event that an accused elects not to disclose, he may be foreclosed from entering evidence — nevertheless, he will still be entitled to rely on the presumption of his innocence.
The motion of defendant is denied except as allowed herein-above.