OPINION OF THE COURT
Jasen, J.
The issue on this appeal is whether a defendant in a criminal case, after a witness has testified against him, has the unqualified right to inspect the prosecutor’s file in order to determine whether relevant pretrial statements of the prosecution witness are being improperly withheld by the prosecutor from the defense.
The relevant facts are not in dispute. Defendant Poole was *147 arrested by Detective Thomas Rynne of the New York City Police Department and charged with various crimes including murder in the second degree. After being informed repeatedly of his constitutional rights, defendant made several incriminating statements to Detective Rynne and to other law enforcement officials. Prior to trial, defendant moved to suppress these statements and a hearing was held to determine the admissibility of defendant’s multiple admissions and confessions.
At that hearing, Detective Rynne was called as a witness by the People to testify both as to the substance of and the circumstances surrounding the admissions which defendant had made in his presence. After the prosecutor completed his questioning, defense counsel made a request for Rosario* material before commencing his cross-examination. In response, the prosecutor turned over Detective Rynne’s memo book and represented that the memo book was, in fact, the only Rosario material "relative to the officer’s testimony”. The defense counsel then requested "to see every document that the officer filled out”, reasoning that it was "for [him] to determine whether a document is relevant”. The prosecutor responded by asserting once again that he had turned over all the Rosario material "relative to [the] testimony of the officer.” In addition, the prosecutor stated that defense counsel, by making this request, was seeking disclosure of the entire investigative file "under the guise of RosarioAt that point, counsel for codefendant Henry Jordan suggested that the court review the prosecutor’s file in camera, the prosecutor joining in that request. Defendant’s counsel, however, did not assent to this request, but instead maintained that it was his unqualified right to inspect the file and to determine for himself what material would be relevant. The court refused to allow him to do so.
As the cross-examination progressed, Detective Rynne, at the request of defense counsel, used a police report to refresh his recollection. When the contents of that document were revealed to defense counsel, it became apparent that the report related in some manner to the admissions made by defendant. As a result, counsel again requested that he be allowed to inspect the prosecutor’s entire file. The prosecutor acknowledged that his file contained many documents refer *148 ring to defendant’s admissions and that it also included many documents authored by Detective Rynne, but maintained that all pretrial statements of Detective Rynne which related to the subject matter of his testimony at the hearing had already been turned over to the defense. On the basis of this representation, the court once again denied defendant’s request to inspect the file.
At the conclusion of the hearing, the court ruled that the statements made by defendant were given voluntarily to the police. Thereafter, defendant pleaded guilty to murder in the second degree in satisfaction of the entire indictment. The Appellate Division unanimously affirmed that conviction.
It is a well-established rule that a defendant in a criminal trial is entitled to examine a prosecution witness’ prior statements, which relate to the witness’ testimony, for impeachment purposes before commencing his cross-examination. (People v Rosario, 9 NY2d 286, supra; see Jencks v United States, 353 US 657.) However, we are not concerned in this case with this salutary rule which, by its very nature, presupposes the existence of relevant prior statements of a prosecution witness. Rather, the question before us is whether a defendant, through his attorney, may inspect the prosecutor’s file to determine, in the first instance, what material, if any, contained therein is "relevant” and, therefore, subject to use by the defendant during cross-examination.
At the time of defendant’s request for Rosario material, the prosecutor had represented to the court that the officer’s memo book, duly turned over to the defense, constituted the only relevant writing of the prosecution witness falling within the Rosario rule. As stated before, the defendant responded that he should not be bound by the prosecutor’s representation and that defense counsel must "make that determination [of relevance], and not the District Attorney * * * not even the Court.” In effect, defendant asked the court to afford him the right to examine all reports, statements and papers contained in the prosecutor’s file so that he might determine for himself whether any such material was useful to him. This, the trial court properly declined to do.
To endorse such a position would allow a defendant to embark on an unrestrained "tour of investigation seeking generally useful information” which this court in Rosario expressly noted was not the purpose of the rule. (People v Rosario, 9 NY2d, at p 290, supra.) Rather, the only purpose of *149 the Rosario rule is to afford the defendant a fair opportunity to cross-examine the People’s witnesses at trial. This right is necessarily limited insofar as the statements sought must be relevant to the subject matter of the witness’ testimony and contain nothing which the necessities of effective law enforcement would require to be kept confidential. (People v Malinsky, 15 NY2d 86, 90; People v Rosario, 9 NY2d 286, 289, supra.)
Within this context, we have periodically refined the Rosario rule to ensure that the defendant receives the full benefit of a witness’ statements for impeachment purposes. For example, this court has held that "the judge presiding may not allow the People to keep from the defendants’ counsel statements or notes made by a witness upon the ground that nothing in them could assist the defense or that no prejudice would result from withholding them.” (People v Malinsky, 15 NY2d 86, 90-91, supra; People v Gilligan, 39 NY2d 769, 770.) Indeed, it has been observed that even the sound discretion of the Trial Judge exercised in an in camera review to determine the utility of such statements is an inadequate substitute for the single-minded zeal of a defense attorney seeking to protect his client’s right to test the credibility of the People’s witnesses. (People v Gilligan, 39 NY2d 769, supra.) However, Rosario has never been interpreted so broadly as to grant defense counsel an open invitation to peruse the prosecutor’s file.
In our view, the representation of a prosecutor, as an officer of the court, ought generally to suffice to determine the threshold issue of whether or not any prior statements of a witness exist. However, in cases where either a defendant can articulate a factual basis for the assertion that a prosecutor is improperly denying the existence of prior statements or a prosecutor admits the existence of such statements but contends that they are irrelevant to the testimony of the witness, we believe the better rule would be to place upon the court the responsibility to determine whether or not any relevant statements of the witness exist. (Cf. People v Andre W., 44 NY2d 179, 184; People v Consolazio, 40 NY2d 446, 453.) In such situations, the trial court ought to inspect, in camera, the questioned document, or indeed the entire file if need be, to resolve any dispute on this issue. In no event should the defendant be allowed unrestricted access to the entire file of the prosecutor for this purpose. Such a procedure would *150 extend the letter and spirit of Rosario and its progeny beyond its legitimate purpose — to afford the defendant a fair opportunity to use a witness’ prior relevant statements for impeachment purposes. Of course, for a prior statement to be relevant, it must relate to the subject matter of a witness’ testimony.
In the case before us, the prosecutor willingly offered his file to the trial court for an in camera inspection. It was the insistence of the defendant that he be allowed personally to inspect the file which prompted the trial court’s refusal to undertake such an examination. Therefore, inasmuch as the defendant failed to assent to the in camera inspection by the court to determine the relevancy of the material contained in the file to the subject matter of the witness’ testimony, he may not now claim that he was deprived of a full and fair hearing.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Cooke and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed.

 (People v Rosario, 9 NY2d 286, mot for rearg den 9 NY2d 908, cert den 368 US 866, mot for rearg den 14 NY2d 876, mot for rearg den 15 NY2d 765.)