■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAE BAKER, Also Known as JEANNETT MILLER, Appellant.—Appeal from a judgment of the Supreme Court of Albany County, rendered June 1, 1978, upon a verdict convicting defendant of the crime of promoting prostitution in the second degree. The defendant was charged in a one-count indictment with promoting prostitution in the second degree (Penal Law, § 230.25, subd 1). The indictment was based on allegations that during the months of April, May and June of 1977 defendant operated a house of prostitution in the City of Albany, New York. Following a jury trial defendant was found guilty of that charge and sentenced to imprisonment in the Albany County Jail for a period of six months. On this appeal, defendant contends that one of the members of the Albany County Grand Jury which handed down the indictment against her was not a resident of Albany County and, therefore, was not qualified to serve on the Albany County Grand Jury. Consequently, defendant seeks to have the indictment dismissed. It is conceded that the member in question was not a resident of Albany County. Defendant, however, has failed to show any prejudice or fraud and, in our opinion, dismissal of the indictment is not warranted (People v White, 44 AD2d 749, affd 40 NY2d 876). Defendant also maintains that the court erred in denying defense counsel's request for the entire Grand Jury testimony of one of the People's witnesses. This witness testified that somewhere between April and May of 1977 she would perform sexual acts for money at the location in question and the fee would be split 50-50 between herself and the defendant. She was the only witness to testify as to this fee splitting procedure. Defendant's counsel received only a portion of the witness' testimony before the Grand Jury, the remainder having been excised by the prosecutor. Respondent correctly argues that defense counsel was only entitled to a prior statement which related to the subject matter of the witness' testimony (People v Malinsky, 15 NY2d 86, 90; People v Rosario, 9 NY2d 286, 289). The court, however, merely accepted the representations of the prosecutor that although other prior statements existed, they were irrelevant to the testimony of the witness. This was error (People v Poole, 48 NY2d 144). The proper procedure would have been for the trial court to inspect, in camera, the entire testimony before the Grand Jury of this witness to determine whether or not any relevant statements of the witness were present (People v Poole, supra, p 149). Since this court has before it both the Grand Jury testimony of the witness and the sections of that testimony which were given to defense counsel, we have examined them in order to determine the relevancy of the portions of the testimony not given to defense counsel. In two segments of the testimony which were not afforded to defense counsel, the witness expressed an inability to delineate the dates during which she engaged in prostitution activity at the location in ques-

tion. In our view, these statements were relevant to the subject matter of the witness' testimony and, therefore, should not have been withheld from defense counsel. The question thus becomes whether or not the withholding of those statements from defense counsel must here result in a reversal of defendant's judgment of conviction. Consideration of the significance of the content or substance of the witness' prior statements cannot result in a finding of harmless error *(People v Consolazio,* 40 NY2d 446, 454; *People v Paige,* 48 AD2d 6, affd 40 NY2d 966). If the prior statements were merely duplicative equivalents of statements previously turned over to the defense it would not have been error in withholding them from defense counsel *(People v Consolazio, supra),* but such is not the case herein. Accordingly, reversible error occurred and the judgment must be reversed (cf. *People v Gilligan,* 39 NY2d 769). Having so concluded, we need not now consider defendant's remaining arguments. Judgment reversed, on the law, and a new trial ordered. Mahoney, P. J., Greenblott, Sweeney, Kane and Staley, Jr., JJ., concur.