OPINION OF THE COURT
Jack Turret, J.
When and to what extent is the respondent entitled to pretrial disclosure of witnesses’ statements to law enforcement officers and their criminal records in addition to police and hospital records?
This is a motion pursuant to CPL article 240. The District Attorney takes the position that CPL article 240 precludes pretrial discovery of these items. Respondent’s attorney argues that the recently amended version of CPL article 240 does not prevent the discovery of the above-mentioned items at this preliminary juncture, and that the modern trend in criminal proceedings is to provide for liberal disclosure.
On September 8, 1981, a delinquency petition was filed in Family Court, New York County, alleging that respondent had committed acts which, if committed by an adult, would have constituted the crimes of robbery in the first degree (Penal Law, § 160.15, subds 2, 3) and robbery in the second degree (Penal Law, § 160.10, subds 1, 2).
In New York State, pretrial discovery is governed by CPL article 240. CPL 240:20 provides the respondent with a vehicle for obtaining discovery pursuant to demand of *193 such items as written, recorded or oral statements of respondent or his corespondent, written reports concerning physical, mental, and scientific examinations and tests pertaining to the proceeding and other items.
CPL 240.40 (subd 1, par [b]) provides that “[u]pon motion of a defendant * * * the court may order discovery with respect to any other property, which the people intend to introduce at the trial, upon a showing by the defendant that discovery with respect to such property is material to the preparation of his defense, and that the request is reasonable”.
It is respondent's contention that CPL 240.40 (subd 1, par [b]) authorizes pretrial discovery of police and medical records, the criminal record of the complainant, and witnesses’ prior statements, before the commencement of the trial.
The disclosure procedure adopted by the Legislature in the enactment of CPL article 240 tracks that of rule 16 of the Federal Rules of Criminal Procedure (US Code, tit 18, Appendix; see Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL art 240, p 466). The New York Court of Appeals has stated: “The criminal discovery procedure embodied in article 240 * * * evinces a legislative determination that the trial of a criminal charge should not be a sporting event where each side remains ignorant of facts in the hands of the adversary until events unfold at trial.” (People v Copicotto, 50 NY2d 222, 226.)
The Court of Appeals in People v Rosario (9 NY2d 286) established the right of a defendant to obtain pretrial statements of prosecution witnesses. The Rosario rule permits a respondent to examine such statements after direct examination of the witness has been concluded. These statements are usually furnished at the beginning of trial. CPL 240.45 codifies the Rosario rule. The codified statute allows the respondent to obtain written or recorded statements of persons the prosecution intends to call as witnesses before the prosecution presents its case in chief rather than at the close of its direct case. CPL 240.45 (subd 1) states that “the prosecutor shall make available to the defendant: (a) [a]ny * * * statement * * * made by a person whom the prosecutor intends to call as a witness at *194 trial, and which relates to the subject matter of the witness’s testimony * * * If the trial is conducted by the court without a jury, this disclosure shall be made by the prosecutor prior to the offering of evidence”. The legislative purpose of CPL 240.45 was to avoid unnecessary delay resulting from respondent’s lack of access to witnesses’ statements until after their direct testimony. (McKinney’s Session Laws of NY, 1979, p 1890; see, also, Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, 1980-1981 Pocket Part, CPL 240.45, p 340.) In addition to Rosario materials (see People v Rosario, supra), this statutory provision also provides for the disclosure of records of judgment of conviction of a witness (CPL 240.45, subd 1, par [b]).
Respondent’s argument that the failure to turn over such items as witnesses’ prior criminal records and prior statements well before the trial “will only cause excessive delay of the case” is without merit. CPL 240.45 was intended by the Legislature to expedite criminal proceedings by insuring that the above-mentioned materials were available to respondent at the date of trial, prior to witnesses’ testimony. Respondent, here, has not made the necessary showing of reasonableness and materiality to invoke the discretionary provisions of CPL 240.40 (subd 1, par [b]).
With respect to such items as police reports and papers concerning respondent’s arrest, petitioner has properly delineated those materials which are discoverable before trial and those which must await the time of trial.
Disclosure as to the charge pending against respondent, as well as the substance of respondent’s conduct encompassed by the charge, is available to respondent by way of a bill of particulars. (See CPL 200.90.) The portions of the police investigatory and arrest file pertaining to respondent’s guilt or innocence, however, are encompassed by the Rosario rule and are therefore discoverable at the time of trial pursuant to CPL 240.45 and in this situation not prior thereto. (See Matter of Rochester Police Dept. v Bergin, 68 AD2d 340, 344; People v Paige, 48 AD2d 6, 8; People v Mono, 96 Misc 2d 382, 383; People v Simone, 92 Misc 2d 306; People v Malinsky, 15 NY2d 86, 90, 91.)
*195 With respect to the names, addresses and dates of birth of witnesses, the case of People v Andre W. (44 NY2d 179) reflects the law at present in New York State. The Court in. Andre W. said (p 186) that: “The availability of a legal arsenal of protection is significant since the right of a defendant to discover a potentially material witness must be balanced against a founded fear that such discovery might lead to intimidation of the witness or the influencing of his testimony. Yet, with proper safeguards, if the evidence is of material importance to the defense on the question' of guilt or innocence it should be disclosed”. (Emphasis added.) Respondent has not made a sufficient showing at this time that the addresses of witnesses whom petitioner has identified are material to respondent’s guilt or innocence. Moreover, the respondent has stated in his memorandum of law that his intention with respect to obtaining the birth date of the complainant is to obtain his criminal record. In view of CPL 240.45 and its provision for disclosure, this material will be available to respondent at the time of trial. The application for earlier disclosure is denied in the discretion of the court.
With regard to respondent’s request for all medical records regarding the injuries sustained by the complainant witnesses, the court is in agreement with the decision of the Criminal Court of New York County, in People v Acklin (102 Misc 2d 596, 598) in which the court states: “A defendant is clearly entitled to discovery and inspection of * * * medical records of a complaining witness which contain information which may have some bearing on the witness’ credibility”. Again, the time for such disclosure, however, is at trial prior to the prosecution offering its evidence. Since the District Attorney has agreed to turn over the complainant’s medical records, they need not be made subject to the court’s ruling on the instant motion.
This court, in summary, holds that pursuant to CPL 240.45, respondent’s discovery of witnesses’ statements, criminal records, hospital and police reports must await the day of trial.
The court has carefully considered cases cited by respondent. Under the earlier version of CPL article 240 some courts at nisi prius have, in the absence of statutory
*196 authority, directed some advance disclosure. Those cases involved a showing of special circumstances. It is to be noted that the present article 240 allows significantly more restrictive discovery than the draft proposed by the Judicial Conference (Matter of Mulvaney v Dubin, 80 AD2d 566, 567).
For the foregoing reasons, respondent’s omnibus motion for discovery of Item Nos. 2, 3, 4, 6,11,12,14,15,16 and 18 is denied.
This decision and order will serve to dispose of similar rulings requested in Matter of Owen J. (Docket No. D2985/81).
Proceed to trial in both cases.