■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFTON PHILLIPS, Appellant. — Case held, decision reserved and matter remitted to Supreme Court, Onondaga County, for further proceedings, in accordance with the following memorandum: In this appeal from a judgment of conviction of grand larceny in the second degree, defendant contends that the court erred in accepting the prosecutor's assertion that no prior statement from a prosecution witness existed. During the testimony of one of the investigating officers, it became apparent that he remembered taking a statement in the form of an affidavit from one of the prosecution witnesses. At that point, defense counsel requested a copy of the statement but the prosecutor denied ever having it or knowing that it existed. The prosecutor also stated that he had never seen such

an affidavit and did not know whether it existed. The representation of a prosecutor, as an officer of the court, ought to suffice to determine the threshold issue of whether or not any prior statements of a witness exist (*People v Poole*, 48 NY2d 144). Where, however, defendant demonstrates a factual basis for the assertion that the prosecutor is improperly denying the existence of prior statements, "the better rule would be to place upon the court the responsibility to determine whether or not any relevant statements of the witness exist" (*People v Poole, supra*, p 149). Since there is testimony to the effect that a statement exists and the prosecutor admitted not knowing whether such a statement exists, the trial court should have conducted an examination and made a determination thereupon. If the statement exists and constitutes *Rosario* material, a further determination should be made as to whether it is merely a duplicative equivalent of statements previously turned over to the defense (see *People v Poole, supra; People v Jones*, 91 AD2d 1175). We have examined defendant's other contentions and find them to be without merit. (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J. — grand larceny, second degree.) Present — Dillon, P. J., Hancock, Jr., Doerr, Denman and Moule, JJ.