■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARLENE DUDLEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered January 9, 1987, convicting her of assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the case is remitted to the Supreme Court; Richmond County, to hear and report on the issue of whether the complainant's telephone call to the police was memorialized and, if so, to consider any issues then arising under *People v Rosario* (9 NY2d 286), and the appeal is held in abeyance in the interim. The Supreme Court shall file its report with all convenient speed.

The complainant, who was stabbed in the head by the defendant, testified at trial that on the day of the stabbing she had telephoned her local police precinct to complain that she was being threatened and harassed by the defendant. Defense counsel then requested that the prosecutor be directed to produce any records of this telephone conversation in accordance with the requirements of *People v Rosario (supra).* The trial court summarily denied defense counsel's application after the prosecutor stated "Your Honor, I do not have custody or possession of them".

Although we have held that the representation of the prosecutor at trial that documents do not exist suffices to establish their nonexistence *(People v Ciola,* 136 AD2d 557, 558, *lv denied* 71 NY2d 893; *People v Poole,* 48 NY2d 144), the statement by the prosecutor herein clearly does not fall within that category *(see, People v Phillips,* 92 AD2d 738). Accordingly, we direct that the matter be remitted to the Supreme Court for further proceedings to determine whether or not the complainant's telephone call to the police was memorialized, and, if so to consider any issues arising under *People v Rosario (supra)* as a consequence of such a determination. The appeal shall be held in abeyance in the interim.

We pass upon no other issue at this time. Mangano, J. P., Brown, Eiber and Harwood, JJ., concur.