■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBIN LOPEZ, Appellant.—Judgment, Supreme Court, Bronx County (Joseph A. Cerbone, J.), rendered January 28, 1988, convicting defendant, after jury trial, of burglary in the second degree and sentencing him, as a predicate violent felony offender, to 7½ to 15 years' imprisonment, unanimously affirmed.

The police caught defendant in the act of burglarizing a residence. The arresting officer testified at defendant's parole

revocation hearing. Thirteen months later, as trial was about to commence and this officer was about to testify again, the prosecutor informed the court and defense counsel about the prior testimony and added that he was having difficulty locating a transcript of that prior proceeding, even though he had requested the minutes from the Division of Parole both in New York City and in Albany. Although counsel was advised to ask his client whether he or the attorney who represented him at the parole revocation hearing had access to the transcript of that proceeding, no attempt was made to ascertain this information.

This court has held that the People have an obligation to turn over *Rosario* material even where it rests in the custody of a sister State agency, such as the Division of Parole *(People v Fields,* 146 AD2d 505), although the obligation does not extend to minutes ordered but not yet received *(People v Fishman,* 72 NY2d 884). The representation of a prosecutor, as an officer of the court, as to the unavailability of such material is generally accepted *(People v Poole,* 48 NY2d 144, 149), especially where the prosecutor has made a good-faith effort to obtain that material *(cf., People v Dudley,* 147 AD2d 655).

Defendant's failure to raise an objection to the police officer's testimony on *Rosario* grounds at any time during trial, notwithstanding his awareness of the issue from the outset *(cf., People v Fields, supra),* deprives the court of the opportunity to evaluate any purported *Rosario* violation *(People v Marcano,* 157 AD2d 533), and thus constitutes failure to preserve the claimed error for appellate review *(People v Alvarez,* 150 AD2d 470, *lv denied* 74 NY2d 804).

Defendant further claims that the trial court disparaged him before the jury by chastising his attorney who rose to make legitimate objections during the prosecutor's summation. An examination of the record reveals that on only three of the 27 pages of the prosecutor's summation was defense counsel's voice not heard. Many of these continual interjections were made without formal objection. The Trial Judge, in supervising the orderly conduct of the proceedings before him *(People v Jamison,* 47 NY2d 882, 884), was justified in cautioning counsel to avoid speech making and in directing him to obey the rules and permit the prosecutor to proceed with his summation. Defendant acknowledged on this appeal that his trial counsel "adopted an extremely aggressive trial strategy * * * employ[ing] the tactic of making every colorable objection to the prosecutor's summation." Having chosen that

course of action, defendant cannot avoid its consequences. Concur—Murphy, P. J., Rosenberger, Kassal and Smith, JJ.