■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS GUIDO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered November 9, 1989, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the appeal is held in abeyance and the matter is remitted to the Supreme Court, Kings County, to hear and report on the issue of whether a prosecution witness, who had been interviewed during "debriefing" sessions by Federal investigators, made prior statements about the subject matter of his testimony at trial, and if so, whether any such statements were reduced to writing; the Supreme Court shall file its report with all convenient speed.

Under the unusual circumstances of this case, we conclude that further inquiry must be made by the court to determine whether a prosecution witness, who had been interviewed during "debriefing" sessions by Federal investigators, made prior statements about the subject matter of his testimony at trial, and if so, whether any such statements were reduced to writing.

The issue was first raised when several representatives of the Office of the United States Attorney appeared in response to a defense subpoena requiring production of written materials concerning a key prosecution witness, who was in the Federal witness protection program. One of them, Assistant United States Attorney Charles E. Rose, advised the court that the witness had been "debriefed" about a variety of matters in interviews conducted during more than a one-year period, by agents of the Federal Bureau of Investigation (hereinafter the FBI), and other Federal law enforcement agencies. Rose took the position that the defense subpoena was overbroad because it covered a wide range of topics, but he indicated a willingness to turn over any reports relevant to the testimony of the witness regarding the case on trial. Rose also advised the court that his office had previously declined to make any of the materials requested by the subpoena available even to the District Attorney's office.

Nevertheless, the Assistant District Attorney represented that the defendant had received everything in the possession of the District Attorney's office as well as the United States Attorney's office that related to the case on trial. This representation was based on a statement from Special United

States Attorney Mario DiNatale that the Federal government never elicited or took any statements from the witness concerning the matter on trial. The court accepted this representation even though it was seemingly contradicted by Assistant United States Attorney Rose's earlier statement, and was in direct conflict with testimony of the witness himself, who recalled having had several conversations about the matter on trial during the debriefing sessions with Federal law enforcement agents in attendance.

According to the testimony of the witness, there were no prosecutors in attendance during the portion of his debriefings that related to the case on trial. Instead, he said that he had been debriefed about this subject by agents and detectives employed by the FBI. He identified several detectives and FBI agents by name, and claimed that DiNatale first became involved in the matter after debriefings on this subject had concluded. Furthermore, he testified that some of the agents in attendance at the debriefing sessions regularly took notes, and he recalled one discussion concerning the matter on trial where his interviewers referred to their notes of a prior conversation concerning the same subject matter.

Faced with this conflicting evidence, the court concluded that the witness had a faulty memory with respect to the debriefings and refused the defense request to have the materials in the possession of the United States Attorney's office produced for an independent in camera review by the court.

A representation from the prosecutor is ordinarily sufficient to resolve the threshold issue of whether or not any prior statements of a witness exist (*People v Ciola*, 136 AD2d 557, 558; *People v Poole*, 48 NY2d 144). However, here, there was a factual basis to further question the prosecution's assertion that all pertinent documents had been turned over to the defense. The prosecuting attorney did not personally review the materials in question. Instead he relied on a representation from Special United States Attorney DiNatale, who never himself expressly stated that he had reviewed all the debriefing notes regarding this witness. DiNatale's representation, seemingly inconsistent with the statements of Assistant United States Attorney Rose, an associate of the same office, was directly refuted by the testimony of the witness.

We note that the prosecutor cannot be made responsible for producing a file which he had never possessed or seen, and which neither he nor the courts of this State could gain access to without the consent of the appropriate Federal agency

*(People v Rodriguez,* 155 AD2d 257, 259). Here, however, the Assistant United States Attorney indicated a willingness to turn over relevant documents in his possession and control. In light of the conflicting evidence in the record, we find that it was premature for the court to have concluded that the witness had a faulty memory, and that there were no other prior statements about the matter on trial in the possession of the Federal authorities. The court should have conducted a further examination in order to resolve the disputed issue of fact in an effort to determine whether such prior statements existed *(see, People v Phillips,* 92 AD2d 738). Such further examination may involve testimony from the FBI agent or agents who were identified by the witness as being present during the debriefings on this subject, an in camera review of FBI records, or any other appropriate inquiry. Thompson, J. P., Eiber, Balletta and Ritter, JJ., concur.