■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS GUIDO, Appellant. [605 NYS2d 116] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), dated November 9, 1989, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence. By decision and order of this Court dated October 19, 1992, the case was remitted to the Supreme Court, Kings County, to hear and report as to whether *Rosario* material existed with respect to a certain prosecution witness and the appeal was held in abeyance in the interim *(People v Guido,* 186 AD2d 757). The Supreme Court, Kings County, has now complied.

Ordered that the judgment is affirmed.

This Court previously remitted this matter to the Supreme Court to hear and report on the question of whether a prosecution witness who had been interviewed and "debriefed" by Federal investigators in connection with other, unrelated matters, made any statements relating to his testimony at trial, and if so, whether any such statements had been reduced to writing *(People v Guido,* 186 AD2d 757, *supra).* We further stated that upon remittal, the Supreme Court's inquiry could "involve testimony from the FBI agent or agents who were identified by the witness as being present during the debriefings * * * an in camera review of FBI records, or any other appropriate inquiry" *(People v Guido, supra,* at 759).

In accord with this Court's order, the Supreme Court requested that an FBI agent capable of affirming that complete debriefing records were being produced, submit any reports of the debriefings in the FBI's possession. Those records—which the FBI still considered to be sensitive—were provided to the court, together with the FBI agent's affidavit attesting to the

fact that the full complement of reports was being submitted. After reviewing the reports in camera, the court issued a report finding that they did not contain any references to the subject matter of the witness's testimony.

We find that the Supreme Court permissibly conducted an in camera review of the relevant FBI reports in order to ascertain whether they in fact contained any references to the subject matter of witness's trial testimony. Contrary to the defendant's contentions, this Court's order did not require the Supreme Court to conduct evidentiary hearings, or to take testimony from witnesses; nor do we find that the court erred in declining to do so. We note in this respect that the FBI agent, who supplied the documents which were reviewed by the court, stated under oath that the materials in question constituted the full complement of reports in the FBI's possession. Moreover, our review of the reports confirms that they contain no prior statements of the witness relating to the matter on trial. Accordingly, the judgment is affirmed. Thompson, J. P., Balletta, Eiber and Ritter, JJ., concur.