■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KASRA KARIMI, Respondent. [614 NYS2d 210] —Appeal by the People from an order of the County Court, Suffolk County (Mallon, J.), dated September 17, 1992, which granted the defendant's motion to dismiss the indictment.

Ordered that the order is affirmed.

The County Court dismissed the indictment due to the People's failure to present the evidence against this defendant and related evidence against another defendant (see, *People v Guido*, 199 AD2d 414) to separate Grand Juries (see, e.g., *People v Glowa*, 87 Misc 2d 471). While we differ with the

County Court's analysis, the dismissal of the indictment was mandated by the lack of legally sufficient evidence presented to the Grand Jury.

Notwithstanding the fact that the evidence submitted to the Grand Jury must be viewed in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), there was legally insufficient evidence submitted to find reasonable cause to believe that the defendant committed the crimes charged in the indictment. The evidence before the Grand Jury was not sufficient to find reasonable cause to believe that the defendant recklessly damaged property in an amount exceeding $250 *(see,* Penal Law § 145.00 [3]), nor was there any proof that the defendant caused physical injury to another person more serious than scratches *(see, e.g., People v Jimenez,* 55 NY2d 895; *Matter of Philip A.,* 49 NY2d 198; *People v Carney,* 179 AD2d 818; *People v Tabachnik,* 131 AD2d 611). Bracken, J. P., O'Brien, Santucci and Joy, JJ., concur.