■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GORDON FARRELL, Appellant. [616 NYS2d 77] —Appeal by the

defendant from a judgment of the Supreme Court, Kings County (Harkavy, J.), rendered May 7, 1993, convicting him of robbery in the first degree, robbery in the second degree, and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

In interpreting the rule of *People v Rosario* (9 NY2d 286, *cert denied* 368 US 866), the Court of Appeals has held that the representation of a prosecutor that no prior statements of a witness exist is generally sufficient to obviate the need for further inquiry. However, where the defendant can articulate a factual basis for the assertion that the prosecutor is improperly denying the existence of prior statements, it becomes incumbent upon the trial court to inspect the disputed document or the People's entire file, if necessary, to determine if the statements in question exist *(see, People v Poole,* 48 NY2d 144, 149).

Here, one of the People's two witnesses, an employee of the fast-food restaurant where the robbery occurred, testified that Detective Delpino conducted a 15-minute interview at the restaurant on either the date of the robbery or the next day. According to the People's witness, during this interview, he provided Detective Delpino with a description of the perpetrators and answered other questions concerning the circumstances of the robbery. The witness further testified that Detective Delpino wrote down his responses on a piece of paper. Significantly, the prosecutor maintained that a certain DD-5 report, which had been compiled by telephone by Detective Delpino, is the only *Rosario* material pertaining to this witness. Faced with this discrepancy, the court afforded the defendant an opportunity to question Detective Delpino and thereby determine whether the alleged *Rosario* material existed. The defendant specifically declined the court's offer, opting instead to seek an adverse inference charge based upon the record as it was. The Supreme Court correctly declined to give the requested charge, because the record was incomplete. Now, on appeal, the defendant argues that the court erred in failing to conduct the hearing. However, having failed to avail himself of the opportunity presented by the Supreme Court, the defendant may not now claim to have been deprived of a full and fair hearing on this issue *(see generally, People v Poole, supra,* at 150).

The defendant's remaining contentions are without merit. Sullivan, J. P., Pizzuto, Santucci and Friedmann, JJ., concur.