■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICIA FEERICK, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAYRA SCHULTZ, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN DE-VITO, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO ROSARIO, Appellant. [646 NYS2d 810] —Appeals from judgments, Supreme Court, New York County (Joan

Sudolnik, J., at *Kastigar* hearing; Bonnie Wittner, J., at trial and sentence), rendered October 3, 1994 as to defendants Feerick and Rosario, and October 6, 1994 as to defendants DeVito and Schultz, convicting them, after a jury trial, of unlawful imprisonment in the second degree, official misconduct, and related counts, and sentencing Feerick, DeVito and Rosario to prison terms, unanimously held in abeyance, and the matter is remanded for a hearing in accordance herewith; order of the same court (Bonnie Wittner, J.), which denied defendants' motion pursuant to CPL 440.10 to vacate the judgment of conviction, is unanimously reversed, on the law and the facts, and the motion is granted solely to the extent of directing a hearing.

Prior to trial, a hearing was held pursuant to *Kastigar v United States* (406 US 441) to determine if the People made any prohibited use of defendants' immunized testimony in obtaining the indictment. The People called only one witness at the hearing, an Internal Affairs Division detective, and defendants requested all the preindictment worksheets prepared by this detective as *Rosario* material (*see, People v Rosario*, 9 NY2d 286, *cert denied* 368 US 866). The hearing court, after reviewing the worksheets pertaining to the initial interviews of the main prosecution witnesses, granted disclosure of those documents, but denied disclosure of the remaining worksheets requested by the defense.

Under these circumstances, the hearing court should have conducted an in camera inspection of the documents to determine if they constituted *Rosario* material. While the representation of a prosecutor that prior statements of a witness exist will generally suffice, where a defendant can articulate a factual basis for his assertion that the prosecutor is improperly denying the existence of such statements, or that the prosecutor concedes the existence of the statements but claims they are irrelevant to the witness' testimony, it becomes the court's responsibility to review the documents, or the prosecutor's entire file if necessary, to resolve any dispute as to the existence of *Rosario* material (*People v Poole*, 48 NY2d 144, 149; *People v James*, 193 AD2d 694, *opn after remand* 207 AD2d 564).

Here, since defendants articulated a sufficient factual basis regarding the existence and relevance of the detective's prior written statements, it became incumbent on the hearing court to review the documents and make a ruling. Accordingly, we remand the case for the hearing court to conduct an in camera review of the documents in order to determine if any of the

detective's undisclosed, preindictment worksheets related to the subject matter of his direct testimony at the *Kastigar* hearing (*see, People v Guido,* 186 AD2d 757, *opn after remand* 199 AD2d 414).* If a *Rosario* violation is found to exist, the *Kastigar* hearing should be reopened to the extent of permitting cross-examination of the detective with respect to the undisclosed worksheets, followed by a de novo *Kastigar* ruling (*see, People v Banch,* 80 NY2d 610, 618-619). Concur—Sullivan, J. P., Milonas, Tom and Mazzarelli, JJ.

* The following preindictment worksheets were not disclosed nor reviewed in camera, and should be inspected by the hearing court: 5, 9-11, 18, 20-26, 30, 32-33, 35-43, 47-48, 53-58, 61-62, 64-66, 69, 72-73, 78-79, 81-102, 104-109, 111-122, 124, 126, 128.