■ In the Matter of Robert H., a Person Alleged to be a Juvenile Delinquent, Appellant. [658 NYS2d 1009] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Dutchess County (Pagones, J.), entered November 3, 1995, which, upon a fact-finding order of the same court, entered September 10, 1995, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would constitute the crimes of burglary in the third degree, petit larceny, and criminal possession of stolen property, adjudged him to be a juvenile delinquent and placed him in the custody of the Commissioner of Social Services for a period of twelve months. The appeal brings up for review the fact-finding order entered September 10, 1995.

Ordered that the order is affirmed, without costs or disbursements.

The record does not support the appellant's assertion that the presentment agency failed to turn over *Rosario* material *(see, People v Rosario,* 9 NY2d 286), as required by Family Court Act § 331.4 (1) (a). The presentment agency's representation that all *Rosario* material had previously been provided was sufficient to obviate the need for further inquiry *(cf., People v Poole,* 48 NY2d 144, 149; *People v Farrell,* 207 AD2d 560), and the appellant's claim of the existence of notes taken by the State Park police officer amounted to nothing more than pure speculation *(see, Matter of Michael R.,* 223 AD2d 465; *cf., People v Gonzalez,* 217 AD2d 409; *People v Damaceno,* 214 AD2d 464). Mangano, P. J., Ritter, Sullivan, Altman and McGinity, JJ., concur.