■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUN KE, Appellant. [681 NYS2d 765] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered October 25, 1995, convicting him of kidnaping in the fourth degree (four counts), robbery in the first degree (two counts), burglary in the first degree, grand larceny in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The prosecution is required to turn over to the defense counsel all statements of a prosecution witness relating to the subject matter of the witness's testimony (CPL 240.45 [1] [a]; *People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866). Here, the representation of the prosecutor that no prior statements of the witness existed was sufficient, since the defendant could not articulate a factual basis for the assertion that the prosecutor was improperly denying the existence of prior statements. Moreover, this is not a case in which the prosecutor admitted the existence of such statements but contended that they were

irrelevant to the testimony of the witness (*see, People v Poole,* 48 NY2d 144, 149). As such, no *Rosario* violation occurred.

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention lacks merit. Pizzuto, J. P., Joy, Goldstein and Luciano, JJ., concur.