■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY HAWKINS, Appellant. [718 NYS2d 194] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered June 25, 1998, convicting him of attempted murder in the second degree, assault in the first degree, assault in the second degree, unlawful imprisonment in the first degree, and criminal possession of a weapon in the

fourth degree (two counts), upon a jury verdict, and sentencing him, as a second felony offender, to concurrent determinate terms of 25 years imprisonment on the conviction of attempted murder in the second degree and 15 years imprisonment on the conviction of assault in the first degree, and to consecutive terms of 7 years imprisonment on the conviction of assault in the second degree, and an indeterminate term of 2 to 4 years imprisonment on the conviction of unlawful imprisonment in the first degree, and one year imprisonment on each of the convictions of criminal possession of a weapon in the fourth degree.

Ordered that the judgment is modified, on the law, by reversing the conviction of assault in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment, and by making all sentences run concurrently with the exception of that imposed on the conviction of unlawful imprisonment in the first degree; as so modified, the judgment is affirmed.

The defendant requested only that the court provide an adverse inference charge with respect to an alleged *Rosario* violation. Therefore, his present contention that the court should have conducted an inquiry to ascertain the existence of alleged *Rosario* material is unpreserved for appellate review (*see, People v Mercado,* 265 AD2d 177; *People v Sam,* 262 AD2d 665; *cf., People v Farrell,* 207 AD2d 560; *People v Rosario,* 9 NY2d 286), and we decline to review it in the exercise of our interest of justice jurisdiction (*see, People v Lorenzo,* 272 AD2d 184; *People v Pichado,* 268 AD2d 346).

As the People correctly concede, the defendant's conviction for assault in the second degree should have been dismissed as a lesser-included offense of assault in the first degree (*see, People v Garofalo,* 192 AD2d 619). Similarly, the Supreme Court erred in imposing consecutive sentences on the two counts of criminal possession of a weapon in the fourth degree (*see, People v Lyde,* 258 AD2d 669).

The defendant's remaining contentions are without merit. O'Brien, J. P., Thompson, S. Miller and Feuerstein, JJ., concur.