■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN DEVITO, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICIA FEERICK, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO ROSARIO, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAYRA SCHULTZ, Appellant. [731 NYS2d 5] —Orders, Supreme Court, New York County (Joan Sudolnik, J., and Bonnie Wittner, J.), dated July 3, 2000 and August 2, 2000, respectively, denying defendants' motions made pursuant to CPL 440.10 to, *inter alia*, vacate their judgments of conviction, unanimously affirmed.

Both motion courts properly concluded that the affidavits from two recently retired supervisory police officers submitted by defendants did not constitute newly discovered evidence within the meaning of CPL 440.10 (1) (g), and that, in any event, they would not have changed the verdict, or the result of the hearings held pursuant to *Kastigar v United States* (406 US 441) that had been at issue on defendants' prior appeals (*People v Feerick*, 230 AD2d 689; *People v Feerick*, 241 AD2d 126, *affd* 93 NY2d 433).

Defendants offered no reasonable excuse for their failure to come forward with the information contained in these affidavits at an earlier date, either at trial, or at the first CPL 440.10 motion, made in 1994, when the information was unquestionably known to defendants. Indeed, the record establishes that one of these witnesses was assisting the defense at the time of sentencing. Moreover, the Police Department's disapproval, in January 1995, of the other witness's request to sign an affidavit in support of defendants, who had already been sentenced, fails to explain why the defense did not make use of the proffered evidence at trial or on the first CPL 440.10 motion.

In any event, notwithstanding defendants' arguments to the contrary, the determinations of the motion courts, that the alleged newly discovered evidence would not have changed the result of the earlier *Kastigar* hearings or of the trial, are amply supported by the record. In their assertions to the contrary, defendants rehash arguments concerning the underlying *Kastigar* issue that this Court has previously rejected (*see, People v Feerick*, 241 AD2d 126, 134-136, *supra*). Furthermore, one affidavit was based on hearsay and the other merely constituted impeachment evidence, and neither affiant had personal knowl-

edge bearing on the central issue of whether the People had made use of defendants' immunized statements.

The motion courts were not obligated to hold any evidentiary hearings (see, People v Loomis, 256 AD2d 808, lv denied 93 NY2d 854). We note that Justice Sudolnik had presided over the original and reopened Kastigar hearings, and Justice Wittner had presided over defendants' trial. As the courts with the most intimate knowledge of the facts and issues and which had heard the witnesses, they properly concluded after reviewing the relevant record that the newly presented affidavits would not change their rulings.

We have considered and rejected defendants' remaining claims. Concur—Williams, J. P., Mazzarelli, Andrias, Ellerin and Saxe, JJ.