People v Matthews (2023 NY Slip Op 00243)

People v Matthews

2023 NY Slip Op 00243

Decided on January 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 19, 2023

Before: Renwick, J.P., Webber, Moulton, González, Rodriguez, JJ. 

Ind No. 4430/15 12/16 Appeal No. 17127 Case No. 2017-747 

[*1]The People of the State of New York, Respondent,
v
Kashif Matthews, Defendant-Appellant. 

Twyla Carter, The Legal Aid Society, New York (Hannah Gladstein of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Emily N. Gault of counsel), for respondent.

Appeal from judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered July 14, 2016, convicting defendant, after a jury trial, of assault in the third degree and criminal contempt in the second degree, and sentencing him to consecutive terms of one year, held in abeyance, and the matter remanded to Supreme Court for an in camera review of the memo books of two police officers to determine whether they contain Rosario material to which the defense was entitled at trial.
The victim testified that she spoke to two police officers who arrived at the scene following a 911 call, and that the officers wrote down what the victim said had occurred. Notwithstanding the existence of other documents, which may have been prepared by an officer at the scene and contained statements by the victim, the court should have conducted an in camera review of the memo book of each of the responding officers, because defense counsel articulated a factual basis for believing that statements of the victim were recorded therein (see People v Poole , 48 NY2d 144, 149 [1979]).
The People concede that a remand is necessary, but only for review of one officer's memo book. While the record suggests that the other officer's entry may have consisted of just the address to which the police responded, the record is not entirely clear on this point, and the in camera review should extend to both memo books. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 19, 2023