People v Matthews (2023 NY Slip Op 03753)

People v Matthews

2023 NY Slip Op 03753

Decided on July 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 06, 2023

Before: Renwick, P.J., Webber, Moulton, González, Rodriguez, JJ. 

Ind. No. 4430/15, 12/16 Appeal No. 17127 Case No. 2017-747 

[*1]The People of the State of New York, Respondent,
v
Kashif Matthews, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Hannah Gladstein of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Emily N. Gault of counsel), for respondent.

Judgment, Supreme Court, New York County (Robert M. Stolz, J. rendered July 14, 2016, convicting defendant, after a jury trial, of assault in the third degree and criminal contempt in the second degree, and sentencing him to consecutive terms of one year, unanimously affirmed.
We previously held this appeal in abeyance (212 AD3d 512 [1st Dept 2023]) and remanded the matter to Supreme Court for an in camera review of the memo books of two police officers to determine whether they contain Rosario material to which the defense was entitled at trial.
The victim testified that she spoke to two police officers who arrived at the scene following a 911 call, and that the officers wrote down what the victim said had occurred. We stated that "[n]otwithstanding the existence of other documents, which may have been prepared by an officer at the scene and contained statements by the victim, the court should have conducted an in camera review of the memo book of each of the responding officers, because defense counsel articulated a factual basis for believing that statements of the victim were recorded therein (see People v Poole, 48 NY2d 144, 149 [1979])" (212 AD3d at 512).
Upon review, Supreme Court has concluded that neither memo book contained any recorded statements by the victim to the police, "resolv[ing] any dispute on the issue" (Poole, 48 NY2d at 149). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 6, 2023