OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
The defendant and Scott Horne were taken into custody following an altercation in a jewelry exchange. At the trial, the People did not dispute defense counsel’s right pursuant to People v Rosario (9 NY2d 286), to review the police officer’s memo book and the report relating to Horne’s arrest. Although the People stated that they would have the officer return with these items, and now contend that he did, all the record shows is that the officer returned to the courthouse and turned over other materials but not the memo book or the arrest report. Thus, on the record, with respect to these items, there was not a mere delay but a complete failure to comply with the Rosario rule and a new trial is required, as the Appellate Division held (People v Ranghelle, 69 NY2d 56).
It would be inappropriate, in effect, to suspend final disposition of the appeal by remitting the case for a hearing to determine whether the items never disclosed, and not even in the record, are duplicate equivalents of the materials made available to defense counsel at trial. If the People intended to raise this issue to justify the nondisclosure, they should have included these items in the trial court record so that the point could be resolved on appeal in the normal course (see, e.g., People v Consolazio, 40 NY2d 446; People v Ranghelle, supra).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.