OPINION OF THE COURT
Memorandum.
The orders of the Appellate Division should be modified by remitting to Supreme Court, Kings County, for further proceedings in accordance with this memorandum, and as so modified, affirmed.
The issue in both of these cases is whether the trial court erred in failing to require the People to turn over specific documents requested by defense counsel pursuant to this court’s holding in People v Rosario (9 NY2d 286). In People v *725 Adger, the defendant was charged with robbery in the first and second degrees (Penal Law § 160.15 [4]; § 160.10 [1]). The prosecution turned over as Rosario material the arresting officer’s memo book, the complaint report, the District Attorney’s data analysis form, Grand Jury minutes containing certain testimony, and notes taken by an Assistant District Attorney. Defendant requested that the prosecution additionally turn over the Grand Jury synopsis sheet and the Early Case Assessment Bureau data sheet. The prosecution objected to providing these documents, stating that they were the work product of the District Attorney’s office. The Trial Judge summarily concluded that the defense was not entitled to these two documents, and there is no indication on the record that the Trial Judge even looked at the documents before concluding that they were either not Rosario material at all or exempted from turnover under accepted principles of duplicativeness or work product.
In People v Austin, the defendant was charged with three counts of robbery in the first degree (Penal Law § 160.15 [2], [3], [4]). Pursuant to the defendant’s Rosario request, the prosecution turned over the arrest report, the police complaint report and the police arrest investigations report. When the defendant requested that the prosecution turn over the Grand Jury synopsis sheet and the data analysis form, a document similar to the Early Case Assessment data sheet in Adger, the prosecution objected, stating that the defendant was not entitled to these documents. The prosecution argued that the synopsis sheet was work product and was not the result of witnesses’ statements reduced to writing. The prosecution maintained that the defendant was not entitled to the data analysis sheet either because it was not the result of witnesses’ statements being reduced to writing. According to the prosecution, the witnesses were not present at the Early Case Assessment Bureau when the document was being prepared and the information contained in it was the product of interviews with the arresting officer. When defense counsel pointed out that the arresting officer was a testifying witness, the court concluded that the information contained in the form was hearsay. After examining the two documents, the Trial Judge concluded that the documents were not Rosario material and that the defendant was therefore not entitled to them.
We reach the same result in both of these cases, but for different reasons. We have in earlier cases determined the sort *726 of examination that the Trial Judge must make before deciding whether documents requested by the defense constitute Rosario material (see, People v Poole, 48 NY2d 144, 149-150; People v Consolazio, 40 NY2d 446, 453). For that reason, we see no need to repeat the reasons and nature of the examination to be conducted.
In Adger, the trial court refused to examine at all whether the material requested by the defense was indeed Rosario material. In Austin, by contrast, the Trial Judge’s examination of the two documents was a proper start. However, he erred in glossing over the fact that the data analysis form contained statements of a prosecution witness, the arresting officer.
Both cases must therefore be remitted to the trial court for a determination as to whether these defendants were entitled to the documents requested under Rosario. In Austin, because the data analysis sheet appears to contain the statements of a prosecution witness, this determination will necessarily focus on whether the sheet is exempt from production on some other grounds, e.g., because the sheet is the work product of the District Attorney’s office or duplicative. If upon review of these documents, it is determined that the defendants in these two cases are entitled to them under Rosario, a new trial should be ordered in each case (see, People v Ranghelle, 69 NY2d 56). On the other hand, if it is determined that these two defendants are not entitled to these documents, the judgments in their respective cases should be amended to reflect that determination.