OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and the indictment reinstated.
We agree with so much of the dissenting opinion of Justice Joseph P. Sullivan (158 AD2d 378, 385) as concluded that the questioning of the defendant before the Grand Jury was neither "overly vigorous” nor prevented the defendant from "fully and fairly testifying” (see, CPL 190.50 [5]).
Inasmuch as the Supreme Court dismissal of the indictment was solely on the ground of the prosecutor’s improper questioning of the defendant, the Appellate Division lacked the power to consider issues relating to the District Attorney’s failure to instruct the Grand Jury on the defense of justification and prejudicially exercising prosecutorial discretion in charging the defendant. As stated by this Court in People v *1009 Goodfriend (64 NY2d 695, 698), "[t]he CPL, however, limits the Appellate Division’s review to 'any question of law or issue of fact involving error or defect in the criminal court proceedings which may have adversely affected the appellant. ’ (CPL 470.15, subd 1 [emphasis added].)” Thus, on the People’s appeal, the Appellate Division was without power to consider defendant’s alternative arguments for affirmance.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
Order reversed, etc.