■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER GALLARDO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Beerman, J.), rendered August 2, 1989, convicting him of sexual abuse in the third degree (three counts) and harassment, upon a jury verdict, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Queens County, to a different Justice to hear and report as to whether certain notes referred to at the trial exist, and if they do, whether the defendant is entitled to them under *People v Rosario* (9 NY2d 286), and the appeal is held in abeyance in the interim. The Supreme Court shall file its report with this court with all convenient speed.

The record reveals that on their rebuttal case, before the

People called David Lerner as a witness, the following in-chambers colloquy took place:

"[The Prosecutor]: For the record, there are no official police records, there are no official records of any kind in regard to David Lerner. As a matter of fact, I wrote no notes in front of this witness.

"[The Defense Counsel]: I don't know about notes in front of the witness * * *.

"[The Prosecutor]: Therefore, no Rosario.

"[The Defense Counsel]: Are there notes that he wrote [the prosecutor], in regard to what this Lerner person told him whenever he wrote them?

"[The Prosecutor]: That's work product.

"[The Defense Counsel]: That's Rosario.

"THE COURT: Okay, then it will be decided by another tribunal. I hold that it is not that type of material or Rosario material that is to be turned over or that the defendants are entitled to at this point".

Significantly, the Court of Appeals has observed that " 'the judge presiding may not allow the People to keep from the defendants' counsel statements or notes made by a witness upon the ground that nothing in them could assist the defense or that no prejudice would result from withholding them' " (People v Poole, 48 NY2d 144, 149, quoting from People v Malinsky, 15 NY2d 86, 90-91) Where, as here, the defendant can articulate a factual basis supporting his entitlement to certain materials, "the trial court ought to inspect, in camera, the questioned document or indeed the entire file if need be, to resolve any dispute on this issue" (People v Poole, supra, at 149). At bar, there is no indication that the trial court conducted the requisite inquiry in order to ascertain whether, in fact, the prosecutor had in his possession notes of statements made by the rebuttal witness, David Lerner. Further, while the trial court commented that the Rosario issue would have to be decided "by another tribunal", its peremptory termination of all inquiry into defense counsel's application has left this court with no record to review in connection with the content and character of the materials involved. The prosecutor's ambiguous representation that he "wrote no notes in front of this witness," does not eliminate the possibility that he made notes which may have contained statements made by the witness. A further inquiry by the court was, therefore, required. Accordingly, the matter must be remitted to the Supreme Court, Queens County, for a determination as to

whether the alleged material existed, and whether the defendant was entitled to the documents requested under the *Rosario* doctrine *(see, People v Adger,* 75 NY2d 723; *People v Poole, supra; see also, People v Quinones,* 73 NY2d 988). Kooper, J. P., Harwood, Rosenblatt and Ritter, JJ., concur.