■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIRTA MUNIZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered July 9, 1990, convicting her of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, she was not entitled to examine the arresting officer's memo book in its entirety. The trial court, having properly made an in camera examination of the memo book to determine its relevancy *(see, People v Poole,* 48 NY2d 144, 149; *People v Gallardo,* 173 AD2d 636, 637), provided the defendant with only those entries which pertained to the officer's testimony. The defendant had no right to conduct a "tour of investigation seeking generally useful information" *(People v Rosario,* 9 NY2d 286, 289-290, *cert denied* 368 US 866), but was entitled only to that information which was relevant to the witness's testimony *(see,* CPL 240.45 [1] [a]).

The defendant contends that the testimony of the arresting officer should not have been believed by the jury, because of inconsistencies and details which the officer could not recall. Resolution of issues of credibility, however, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's remaining contention is without merit. Harwood, J. P., Balletta, Rosenblatt and Santucci, JJ., concur.