■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOBY JAMES, Appellant. [598 NYS2d 38] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barasch, J.), rendered April 2, 1991, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing a sentence.

Ordered that the matter is remitted to the Supreme Court, Kings County, to hear and report as to whether the buy report of Undercover Officer No. 18682 constituted a statement of that witness subject to disclosure pursuant to *People v Rosario* (9 NY2d 286), and the appeal is held in abeyance in the interim. The Supreme Court, Kings County, shall file its report with this Court with all convenient speed.

In interpreting the rule of *People v Rosario (supra),* the Court of Appeals has held that the representation of a prosecutor that no prior statements of a witness exist should generally suffice. However, "where either [the] defendant can articulate a factual basis for the assertion that [the] prosecutor is improperly denying the existence of prior statements or a prosecutor admits the existence of such statements but contends that they are irrelevant to the testimony of the witness", it becomes incumbent upon the court to inspect the disputed document or the People's entire file, if necessary, to determine if any relevant statements exist *(People v Poole,* 48 NY2d 144, 149).

At bar, the testimony of Undercover Officer No. 18682 revealed that he had prepared a buy report in connection with his "ghosting" of another undercover officer who purchased heroin from the defendant. In response to the defendant's request for the report, the prosecutor admitted to its existence but contended that it was not subject to disclosure under *Rosario* because it was irrelevant to the undercover officer's testimony. Relying upon the prosecutor's representation, the Supreme Court ruled that the People were not required to supply the report to the defendant. We conclude that the Supreme Court erred in failing to inspect the report to resolve the dispute *(see, People v Poole, supra; see also, People v Gallardo,* 173 AD2d 636). Bracken, J. P., Miller, O'Brien and Pizzuto, JJ., concur.