■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT SHAW, Appellant. [601 NYS2d 151] —Appeal by the defendant from a judgment of the County Court, Nassau County (Wexner, J.), rendered November 13, 1990, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the matter is remitted to the County Court, Nassau County, to hear and report on whether the material in possession of the prosecutor at issue here contains statements of the witness Zachary Green, and the appeal is held in abeyance in the interim; the County Court, Nassau County, is to file its report with all convenient speed.

The defendant contends, *inter alia,* that the trial court improperly relied upon the prosecutor's representation that his notes taken during an interview with a prosecution witness, Zachary Green, was merely a list of questions which had nothing to do with Green's statements. We agree. Generally, the representation of the prosecutor is sufficient to determine whether or not any prior statements of a witness exist. However, it is for the court to determine whether, in fact, materials in the possession of the prosecutor are relevant *(see, People v Poole,* 48 NY2d 144, 149). Accordingly, the trial court improperly relied on the prosecutor's representation that "any notes that were taken are my work product and have nothing to do with" Green's testimony. The record is unclear as to whether the notes constituted *Rosario* material, or were merely a list of questions the prosecutor planned to ask at trial. Questions do not constitute *Rosario* material *(see, People v Gallardo,* 196 AD2d 551 [decided herewith]). Therefore, the

matter is remitted to the County Court, Nassau County, to hear and report on whether the material in possession of the prosecutor contains statements by Green *(see, People v Adger,* 75 NY2d 723).

We pass on no other issues at this juncture. Rosenblatt, J. P., Miller, Santucci and Joy, JJ., concur.