(January 12, 1995)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CHRISTIAN GERMOSEN, Respondent. [621 NYS2d 59] —Order, Supreme Court, Bronx County (Joseph Fisch, J.), entered November 24, 1992, dismissing the indictment, reversed, on the law, the indictment is reinstated, and the matter remanded for further proceedings.

The 18-year old defendant was indicted for criminal possession of a weapon in the third and fourth degrees after police

had stopped his vehicle for a traffic violation and spotted the butt of a gun protruding from a leather pouch on the armrest in the middle of the seat. The police recovered a loaded .25 caliber handgun. Also arrested were two juvenile passengers in the back seat.

Defendant told the Grand Jury that he had stopped at an intersection and turned to reprimand the two juveniles in the back seat for fighting, and that his failure to drive forward when the light turned green was what had attracted the police. At the conclusion of his narrative testimony, defendant told the prosecutor that he hadn't even known the gun was there, and that the grand jurors "should check the fingerprints" because he thought "one of [the juveniles] had the gun." Defendant also testified that the arresting police had told him he was responsible for a gun found in the car. The prosecutor, perhaps ill-advisedly, allowed himself to be drawn into a dialogue on the existence or non-existence of fingerprints on the confiscated weapon, and then tried to trip defendant with the testimonial inconsistency between the existence of another's fingerprints on the gun and defendant's acknowledged responsibility for a gun found in his car.

It was defendant who had initially speculated about the possibility of another's fingerprints on the gun, so in that respect the prosecutor had a right, if not a duty, to try to clarify the testimony and elicit facts to enable the grand jurors to make an informed determination (People v Karp, 76 NY2d 1006, revg on dissenting opn of Sullivan, J., 158 AD2d 378, 388-389). The questioning in this regard was not offensive, mischievous or overly vigorous. In his zeal to clarify this point, however, the prosecutor did misstate that defendant had *acknowledged* his responsibility for possession of the weapon, when in fact defendant had testified that the *police* had told him he was responsible. In light of the statutory presumption of defendant's possession of the weapon found in his vehicle (Penal Law § 265.15 [3]), the prosecutor's inaccurate statement as to whether "responsibility" had been assigned or assumed could not possibly have tainted the Grand Jury's action in returning an indictment. Defendant was not denied a full and fair hearing of the facts before the Grand Jury. Dismissal of the indictment on this ground was error. Concur—Wallach, Ross and Rubin, JJ.

Murphy, P. J., and Rosenberger, J., dissent in a memorandum by Rosenberger, J., as follows: I would affirm the judgment dismissing the indictment on the grounds that the questioning by the prosecutor before the Grand Jury was

beyond the acceptable bounds of cross examination. Supreme Court, of course, granted leave to the District Attorney to represent the case to a Grand Jury. The record simply does not support the majority's interpretation of the exchange between the District Attorney and the defendant. The prosecutor was not "drawn [by the defendant] into a dialogue on the existence or non-existence of fingerprints". Instead, in his zeal to obtain an indictment, he purposefully misconstrued the defendant's statement that the Grand Jury should check for fingerprints, the clear import of which was that the defendant had not touched the gun.

The 18 year old defendant at no time said that he had seen anyone lift fingerprints from the gun. Yet the prosecution questioned as follows:

"Q: So you're saying that you saw somebody take fingerprints off the gun?

"A: No".

There was no evidence presented that the gun had been examined for fingerprints, a procedure which would, in any event, not have been conducted in the defendant's presence. The prosecution proceeded, notwithstanding, to the demand of the defendant:

"Q: So there is no fingerprints to check, is that correct?

"A: Yes, sir."

As the prosecutor misstated the record in the question to the defendant, so too did he misstate it, as the majority concedes, when he stated that the defendant had assumed responsibility for the weapon, when the defendant's actual testimony was that the police had told him he was responsible for the gun.

The intent of this questioning was not to clarify the testimony and elicit facts to enable the grand jurors to make an informed decision *(People v Karp,* 76 NY2d 1006, *revg on dissenting opn of Sullivan, J.,* 158 AD2d 378, 388-389), but to confuse the defendant, ridicule him, and deprive the Grand Jury of the fair import of his testimony, in violation of the prosecutor's "duty of fair dealing to the accused and candor to the courts" *(People v Pelchat,* 62 NY2d 97, 105).

The statutory presumption of possession of a weapon by all occupants of an automobile (Penal Law § 265.15 [3]) does not eliminate the prejudice caused by such mischievous questioning, because this presumption is rebuttable by evidence of exclusive possession by one of the occupants *(People v Lester,* 61 AD2d 844).