OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
*824 The prosecutor’s examination of defendant before the Grand Jury does not warrant dismissal of the charges on the ground that defendant was deprived of a fair opportunity to testify (see, CPL 190.50 [5]; People v Karp, 158 AD2d 378, 388-389 [dissenting opn of Sullivan, J.], revd 76 NY2d 1006). Defendant was permitted to make a full narrative statement of his version of events before the prosecutor examined him. The prosecutor’s questions with respect to defendant’s statement that the Grand Jury "should check the fingerprints” were properly aimed at clarifying that defendant was not aware of any exculpatory fingerprint evidence. The prosecutor’s assertion that defendant "was taking all the responsibility for the gun” may have allowed an inference that defendant accepted blame for the incident. However, the prosecutor’s questions were directed principally at establishing that defendant was not being forced to accept sole responsibility and that the other occupants of the car were likewise appearing in court on charges arising out of the incident. Immediately after the prosecutor’s statement, defendant countered to the Grand Jury that he had been informed by a police officer that he would be forced to take responsibility if the other occupants did not "talk”. Thus, the prosecutor’s isolated statement cannot be said to have denied defendant a full and fair opportunity to testify or to have impaired the integrity of the proceedings (see, People v Gonzalez, 201 AD2d 414, 415, lv denied 83 NY2d 871 [citing People v Darby, 75 NY2d 449, 455]).
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.