■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND RAY, Appellant. [638 NYS2d 706] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Orgera, J.), rendered January 27, 1994, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was denied *Rosario* material is without merit. There is no evidence in the record that establishes the existence of a so-called Nitron report *(see, People v Consolazio,* 40 NY2d 446, *cert denied* 433 US 914; *People v Perez,* 209 AD2d 643; *People v Alvaranga,* 198 AD2d 286).

We find that the defendant was not denied his right, pursuant to CPL 190.50 (5), to testify before the Grand Jury. Assuming that the defendant indicated that he wished to testify before the Grand Jury and never changed his position, his remedy would have been to move to dismiss the indictment. By failing to make such a motion and, instead, agreeing to testify before the same Grand Jury that had already indicted him, the defendant waived any claim that he had been denied his statutory right to testify before the Grand Jury.

We also find that the defendant failed to sustain his burden of proving that he was denied the effective assistance of counsel *(see, People v Baldi,* 54 NY2d 137; *People v DeFreitas,* 213 AD2d 96; *People v Hamlin,* 153 AD2d 644).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. Rosenblatt, J. P., Miller, Ritter and Friedmann, JJ., concur.