■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BAPTISTE, Appellant. [703 NYS2d 739] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Carroll, J.), rendered August 13, 1998, convicting him of criminal possession of a weapon in the third degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court did not err in denying the defendant's request to determine whether the unredacted version of a testifying officer's memo book contained *Rosario* material (*see, People v Rosario,* 9 NY2d 286). "[T]he representation of a prosecutor that

no prior statements of a witness exist should generally suffice. However, 'where either [the] defendant can articulate a factual basis for the assertion that [the] prosecutor is improperly denying the existence of prior statements or [the] prosecutor admits the existence of such statements but contends that they are irrelevant to the testimony of the witness', it becomes incumbent upon the court to inspect the disputed document or the People's entire file, if necessary, to determine if any relevant statements exist" (*People v James,* 193 AD2d 694, 695, quoting *People v Poole,* 48 NY2d 144, 149).

Here, the defendant did not articulate any factual basis for his argument that the prosecutor was not telling the truth that the redacted material had nothing to do with the defendant's case, and the court had no reason to doubt the credibility of the prosecution's assertions. Santucci, J. P., Joy, S. Miller and H. Miller, JJ., concur.