■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v OVIDIO GONZALEZ, Respondent. [716 NYS2d 69] —Appeal by the People from an order of the Supreme Court, Queens County (Grosso, J.), dated October 18, 1999, which, after a hearing, granted that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the order is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress physical evidence is denied, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

The evidence adduced at the suppression hearing supported the determination by the police that the defendant had been engaged in what appeared to be a drug sale. Therefore, contrary to the conclusion of the Supreme Court, there was probable cause to arrest him (*see, People v Jones,* 90 NY2d 835). Furthermore, the surgical glove containing heroin recovered by the police in the defendant's automobile was properly seized based on the "automobile exception" to the requirement for a search warrant (*California v Carney,* 471 US 386; *People v Galak,* 81 NY2d 463; *People v Belton,* 55 NY2d 49; *People v Lloyd,* 236 AD2d 631). Sullivan, J. P., S. Miller, Altman and Friedmann, JJ., concur.