■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRIS DOCKERY, Appellant. [717 NYS2d 657] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (McDonald, J.), rendered November 5, 1998, convicting him of robbery in the first degree and criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Queens County, to hear and report as to whether audio and/or video surveillance tapes of meetings between the defendant and the undercover officer before October 23, 1996, exist, and if so, whether they constituted *Rosario (see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866) or *Brady* material (*see, Brady v Maryland,* 373 US 83), and the appeal is held in abeyance in the interim. The Supreme Court, Queens County, shall file its report with all convenient speed.

An undercover officer testified at the *Huntley* hearing (*see, People v Huntley,* 15 NY2d 72) that he met with the defendant many times before their two meetings on October 23, 1996, where money was exchanged for an automobile stolen by the defendant. Further testimony of the undercover officer revealed that the prior meetings were taped. Yet, after numerous requests by the defense counsel, in addition to a motion to compel production of these tapes, the tapes were not produced.

Generally, the representation of a prosecutor, as an officer of the court, suffices to determine the threshold issue of whether or not any prior statements of a witness exist (*see, People v Poole,* 48 NY2d 144, 149). Here, rather than either admitting or denying the existence of audio and videotapes of meetings between the defendant and the undercover officer, the prosecutor merely objected to the defendant's demand for the production of those tapes by asserting that they were irrelevant to the testimony of the undercover officer. Where a defendant can articulate a factual basis for the assertion that a prosecutor is

improperly denying the existence of prior statements or a prosecutor admits the existence of such statements but contends that they are irrelevant to the testimony of the witness, the court has the responsibility to determine whether or not any relevant statements of the witness exist (*see, People v Poole, supra,* at. 149). A further inquiry by the court was, therefore, required (*see, People v Gallardo,* 173 AD2d 636). Accordingly, the matter must be remitted to the Supreme Court, Queens County, to determine if the alleged *Rosario* material exists, and, if so, to conduct an in camera inspection to ascertain whether the defendant is entitled to the material (*see, People v Adger,* 75 NY2d 723; *People v Gallardo, supra,* at 637-638). If an in camera inspection is conducted, the court should also determine whether the tapes contain any *Brady* material (*see, Brady v Maryland, supra*).

Contrary to the defendant's contention, the prosecutor's cross-examination of him before the Grand Jury did not impair the integrity of that proceeding (*see, People v Karp,* 76 NY2d 1006; *People v Burton,* 191 AD2d 451). Consequently, the court did not err in denying his motion to dismiss the indictment. The defendant's remaining contentions will be addressed, if necessary, after the Supreme Court files its report. Bracken, J. P., Altman, Friedmann and Krausman, JJ., concur.