■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRIS DOCKERY, Appellant. [740 NYS2d 106] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (McDonald, J.), rendered November 5, 1998, convicting him of robbery in the first degree and criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review that branch of the defendant's omnibus motion which was to dismiss the indictment. By decision and order of this Court dated December 18, 2000 (*see People v Dockery,* 278 AD2d 427), the matter was remitted to the Supreme Court, Queens County, to hear and report on the issue of whether there exist audio and/or video surveillance tapes of meetings between the defendant and the undercover officer before October 23, 1996, and if so, whether they constituted *Rosario* material (*see People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866) or *Brady* material (*see Brady v Maryland,* 373 US 83). The Supreme Court has filed its report. Justice Luciano has been substituted for former Presiding Justice Bracken (*see* 22 NYCRR 670.1 [c]).

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, we perceive no basis upon which to disturb the Supreme Court's finding that the videotape depicting a side view of an October 23, 1996, transaction (hereinafter videotape 1145) was the duplicative equivalent of a videotape introduced at trial (hereinafter trial videotape) depicting the same transaction from a different angle. Videotape 1145 does not contain any additional statement or evidence not contained in the trial videotape, and there are no variations or inconsistencies between the two videotapes (*see People v Young,* 79 NY2d 365). Accordingly, the Supreme Court properly determined that the prosecution's failure to turn over videotape 1145 did not constitute a *Rosario* violation (*see People v Banch,* 80 NY2d 610). In any event, the defendant failed to demonstrate that there was a reasonable probability that the nondisclosure of videotape 1145 materially contributed to the result of the trial (*see* CPL 240.75; *People v Sorbello,* 285 AD2d 88).

In light of the defendant's grand jury testimony in which he denied taking part in a conversation, contrary to what was

depicted in a videotape played before the grand jury, the prosecutor's cross-examination was neither "overly vigorous" nor prevented the defendant from "fully and fairly testifying" (*People v Karp,* 76 NY2d 1006, 1008; *see* CPL 190.50 [5] [b]).

The defendant's remaining contentions are without merit. Altman, J.P., Krausman, Friedmann and Luciano, JJ., concur.