■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY DEFREECE, Appellant. [785 NYS2d 346]—Appeal by the defendant from a judgment of the County Court, Orange County (Rosenwasser, J.), rendered March 7, 2002, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's waiver of his right to appeal in conjunction with his second plea of guilty following the County Court's vacatur of his initial plea of guilty to the same charge, attempted burglary in the second degree, forecloses review of the propriety of the County Court's action in vacating the initial plea (see People v Guerrero, 140 AD2d 456 [1988]; People v Boyce, 150 AD2d 471 [1989]) particularly in light of the defendant's express acknowledgment that he was waiving any issues surrounding the County Court's action in vacating the initial plea (cf. People v Rubendall, 4 AD3d 13 [2004]). Although the defendant characterizes his challenge as one to the legality of the sentence imposed, here, as in People v Callahan (80 NY2d 273 [1992]), when "the actual gist of the claim is examined" it is apparent that it is "not to the legality of the sentence on its face, or even to the power of the court to impose [it]" but "merely to the adequacy of the procedures the court used to arrive at its sentencing determination" (id. at 281).

The waiver of the right to appeal executed by the defendant precludes review of the sentence imposed March 7, 2002, which was within the boundaries established under the plea agreement (see People v Wiegand, 7 AD3d 548 [2004]; People v Portillo, 294 AD2d 379 [2002], citing People v Lococo, 92 NY2d 825 [1998]). Ritter, J.P., Smith, Rivera and Lifson, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRIS DOCKERY, Appellant. [785 NYS2d 346]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated April 1, 2002 (People v Dockery, 293 AD2d 487 [2002]), affirming a judgment of the Supreme Court, Queens County, rendered November 5, 1998.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (see Jones v Barnes, 463 US 745 [1983]; People v Stultz, 2 NY3d 277 [2004]). Prudenti, P.J., Altman, Krausman and Luciano, JJ., concur.