[829 NE2d 1187, 797 NYS2d 19]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BEDROS YAVRU-SAKUK, Appellant.

Decided March 29, 2005

## APPEARANCES OF COUNSEL

*Law Offices of Sarita Kedia,* New York City (*Sarita Kedia* and *Shannon Michaels* of counsel), for appellant.

*Richard Brown, District Attorney,* Kew Gardens (*Vered Adoni* and *John M. Castellano* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Term should be modified by remitting to Criminal Court for further proceedings in accordance with this memorandum and, as so modified, affirmed.

This case is before us for a second time. Defendant, a dentist, was convicted of sexual abuse of his patient. On the prior appeal, we reversed a determination by the Appellate Term that a

proper review could not be made because of the loss of a tape recording of a telephone call between the victim and the defendant and remitted the matter for the parties to brief, and for the Appellate Term to determine, if effective review was possible without the tape (*People v Yavru-Sakuk*, 98 NY2d 56 [2002]). Subsequently, the tape recording was found and the Appellate Term reviewed the case on its merits.

The majority at the Appellate Term affirmed the conviction, holding that the evidence was legally sufficient to establish sexual abuse in the third degree. With respect to defendant's argument that the People were required to turn over the entire diary of the victim's mother rather than two pages written in Turkish, Appellate Term held that defendant had not shown, pursuant to CPL 240.75, that the remainder of the diary would have established a reasonable possibility that the result would have been different. The dissent at the Appellate Term concluded that, at the least, the court should have conducted an in camera inspection to see if there was additional *Rosario* material.

On this appeal, defendant contends that he had a right to review the diary for possible entries subsequent to the date of the alleged sexual abuse since the victim's mother and other family members continued to visit him professionally after that date. The People contend that they were justified in relying on the representation of the mother that no other portion of the diary was relevant and that, though the diary was in their possession, the People had no obligation to have it translated and review it themselves.*

In relying on the representation of the People that no other portion of the diary was relevant, when the People themselves had not reviewed the diary, the Appellate Term erred.

We modify by remitting to the trial court for an in camera inspection as to whether any other portion of the diary is relevant (*People v Adger*, 75 NY2d 723 [1989]). If it does find some relevant portion, the trial court should also determine whether the admission of that portion of the diary would lead to the conclusion "that there is a reasonable possibility that the non-

---

* The People contend that, in addition to the two pages referred to in their brief, defendant received another page at trial and was given an opportunity to go over that page with a Turkish interpreter. In addition, the People contend that when defendant's attorney appeared at the office of the prosecution with an interpreter, to review two pages, counsel took the opportunity to review the entire diary, which was then in the hands of the prosecution.

disclosure materially contributed to the result of the trial" (CPL 240.75). If so, the relevant portions of the diary should be turned over to the defendant, and a new trial ordered. Otherwise, if the nondisclosure did not materially contribute to the judgment, the judgment of conviction should be amended to reflect that result.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur in memorandum.

Order modified, etc.