THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANEUDI MOREL, Appellant. [841 NYS2d 360]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered September 5, 2003, convicting him of burglary in the first degree (two counts), robbery in the first degree (six counts), robbery in the second degree (three counts), and grand larceny in the fourth degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At trial, one of the complainants testified that she had provided the police with a written statement, and other complainants testified that a 911 call had been placed shortly after the subject crimes had been committed. The defendant claims, on appeal, that the statement and the tape of the 911 call should have been made available to him pursuant to CPL 240.45. However, when the defendant first became aware of these materials, he failed to request any corrective action from the County Court. Rather, defense counsel made the tactical choice to elicit evidence tending to disprove the existence of the materials, and then use that evidence to impugn the credibility of the complainants. The defendant's *Rosario* claims (*see People v Rosario*, 9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]) are therefore unpreserved for appellate review (*see People v Feerick*, 93 NY2d 433, 452 [1999]; *People v Williams*, 78 NY2d 1087 [1991]). Moreover, defense counsel's strategy in using the absence of the material to impeach the complainants' credibility was reasonable and demonstrates that the defendant was afforded meaningful representation (*see People v Benevento*, 91

NY2d 708 [1998]; *People v Downs,* 38 AD3d 1019 [2007], *lv denied* 8 NY3d 984 [2007]). Miller, J.P., Goldstein, Fisher and Covello, JJ., concur.