■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW YOUNG, Appellant. [877 NYS2d 179]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered November 1, 2007, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fourth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court's failure to impose sanctions for the People's alleged failure to disclose alleged *Rosario* material (*see People v Rosario*, 9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]; CPL 240.45) denied him a fair trial. However, the record does not demonstrate a "factual basis that the [material] in question actually existed and also incorporated statements made by a witness concerning the subject matter of the incident" (*People v Pines*, 298 AD2d 179, 180 [2002]; *see People v Smith*, 33 AD3d 462, 464 [2006]; *see also People v Melendez*, 259 AD2d 500 [1999]; *People v Ray*, 224 AD2d 722 [1996]). Accordingly, the Supreme Court properly declined to draw an adverse inference based on the People's alleged failure to disclose alleged *Rosario* material (*see People v Smith*, 33 AD3d at 464; *see also People v Melendez*, 259 AD2d at 500; *People v Ray*, 224 AD2d at 722).

The defendant's contention that this matter should be remitted for a *Rosario* hearing is without merit, since the defendant failed to articulate a factual basis for the assertion that the alleged *Rosario* material existed (*see People v Brown*, 286 AD2d 340, 341 [2001]; *People v Rodriguez*, 270 AD2d 505 [2000]; *People v Baptiste*, 269 AD2d 536, 537 [2000]; *cf. People v Dockery*, 278 AD2d 427, 427-428 [2000]). Mastro, J.P., Dickerson, Belen and Chambers, JJ., concur.