■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL SALAMONE, Appellant. [932 NYS2d 532]—

Contrary to the defendant's contention, the County Court did not err in refusing to instruct the jury with a specific charge on the mistake of fact defense since the court's instructions on the elements of burglary in the third degree and grand larceny in the third and fourth degrees adequately covered the defense theory (*see People v Williams*, 81 NY2d 303, 316-317 [1993]; *People v Kowalewski*, 39 AD3d 770, 771 [2007]; *People v Grimaldi*, 6 AD3d 722, 722-723 [2004]; *People v Storms*, 2 AD3d 757, 757 [2003]; *People v Banks*, 248 AD2d 183, 183 [1998]). The defendant's contention that he was entitled to a charge on "claim of right" with respect to the grand larceny counts is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Ace*, 51 AD3d 1379, 1380 [2008]; *People v Fuller*, 252 AD2d 353 [1998]). In any event, viewing the evidence in the light most favorable to the defendant (*see People v Taylor*, 80 NY2d 1, 12 [1992]), we find that there was no reasonable view of the evidence which supported issuing the charge on the "claim of right" defense with respect to the grand larceny counts (*cf. People v Engstrom*, 86 AD3d 580, 582 [2011]).

The defendant's challenges to the alleged instances of prosecutorial misconduct in summation are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Masaguilar*, 86 AD3d 619, 620 [2011]; *People v Muniz*, 44 AD3d 1074, 1074 [2007]; *People v Jenkins*, 38 AD3d 566, 567 [2007]). In any event, although some of the prosecutor's comments in summation were improper, they constituted harmless error (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Ortiz*, 46 AD3d 580, 581 [2007]).

The defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]).

Contrary to the defendant's contention, the imposition of consecutive sentences was not illegal (*see* Penal Law § 70.25 [2]). Each of the burglaries and grand larcenies committed by the defendant was a separate and distinct act committed against a separate victim (*see People v Truesdell*, 70 NY2d 809, 811 [1987]; *People v Dieppa*, 285 AD2d 558, 558-559 [2001]; *People v Rosa*,

249 AD2d 334, 335 [1998]; *People v White*, 192 AD2d 736, 737 [1993]; *People v Higgins*, 137 AD2d 620, 620-621 [1988]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Florio, J.P., Dickerson, Chambers and Cohen, JJ., concur.