Appeal by the defendant from a judgment of the County Court, Orange County (Freehill, J.), rendered December 5, 2011, convicting him of reckless endangerment in the second degree, driving while ability impaired by alcohol in violation of Vehicle and Traffic Law § 1192 (1), criminal possession of a controlled substance in the seventh degree, resisting arrest, unlawful fleeing a police officer in a motor vehicle in the third degree (two counts), and reckless driving, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant’s omnibus motion *976 which were to suppress physical evidence and evidence of th defendant’s refusal to submit to a chemical test.
Ordered that the judgment is affirmed.
The County Court properly denied that branch of the defend ant’s omnibus motion which was to suppress physical evidenc recovered from his vehicle. “Pursuant to the automobile exception to the warrant requirement, a warrantless search of a vehicle is permitted when the police have probable cause to believe the vehicle contains contraband, a weapon, or evidence of a crime” (People v Vargas, 89 AD3d 771, 772 [2011]; see People v Blasich, 73 NY2d 673, 678-679 [1989]; People v Baptiste, 248 AD2d 625 [1998]). Here, the police had probable cause to search the defendant’s vehicle based, inter alia, on the observations of a police officer who observed what appeared to be a hand-to-hand narcotics transaction inside that vehicle in an area known for drug activity (see People v Jones, 90 NY2d 835, 837 [1997]; People v Herndon, 75 AD3d 1083 [2010]; People v Gonzalez, 277 AD2d 328 [2000]).
The County Court also properly denied that branch of the defendant’s omnibus motion which was to suppress evidence of his refusal to submit to a chemical test. The evidence at the hearing demonstrated that the defendant had glassy eyes, slurred speech, and the odor of alcohol on his breath, and had driven his vehicle erratically. This evidence established that the police had probable cause to arrest the defendant for a violation of Vehicle and Traffic Law § 1192 (see People v Troche, 162 AD2d 483 [1990]; People v Blajeski, 125 AD2d 582, 582-583 [1986]), thereby providing the predicate for the request for the defendant to submit to a chemical test (see Vehicle and Traffic Law § 1194 [2] [a] [1]; People v Poje, 270 AD2d 649, 650 [2000]; People v Daniger, 227 AD2d 846, 847-848 [1996]).
The defendant’s contention that he was deprived of a fair trial because the People failed to disclose certain Rosario material (see People v Rosario, 9 NY2d 286 [1961]), is unpreserved for appellate review (see CPL 470.05 [2]). In any event, the defendant’s contention is without merit. There is no evidence in the record that the material in question, state police radio logs pertaining to the subject incident, actually existed (see People v Young, 61 AD3d 786, 786 [2009]; People v Pines, 298 AD2d 179, 180 [2002]; see also People v Smith, 33 AD3d 462, 464 [2006]; People v Melendez, 259 AD2d 500 [1999]; People v Ray, 224 AD2d 722 [1996]).
The People correctly concede that the defendant’s medical records were improperly redacted to omit the results of the defendant’s blood alcohol test (see CPLR 4518 [c]; Rodriguez v *977 riborough Bridge & Tunnel Auth., 276 AD2d 769 [2000]). owever, the error was harmless, since the evidence of the defendant’s guilt of driving while ability impaired by alcohol was overwhelming, and there is no reasonable possibility that the error might have contributed to the defendant’s conviction of that offense (see People v Crimmins, 36 NY2d 230, 241-242 [1975]).
Contrary to the defendant’s contention, the imposition of consecutive sentences was not illegal (see Penal Law § 70.25 [2]). The defendant’s act of possessing a controlled substance in the vehicle was a complete crime, and a separate and distinct act from the other offenses of which he was convicted (see People v Truesdell, 70 NY2d 809, 811 [1987]; People v Salamone, 89 AD3d 961, 962-963 [2011]; People v Gucla, 18 AD3d 478, 479 [2005]; People v Samwell, 287 AD2d 663, 663-664 [2001]). Moreover, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
The defendant’s remaining contentions are without merit. Dillon, J.E, Roman, Miller and Hinds-Radix, JJ., concur.