■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MADISON, Appellant. [33 NYS3d 358]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Hudson, J.), rendered September 13, 2010, convicting him of burglary in the first degree and unauthorized use of a motor vehicle in the first degree, upon a jury verdict, and sentencing him to a determinate term of imprisonment of 25 years on the conviction of burglary in the first degree and an indeterminate term of imprisonment of 3½ to 7 years on the conviction of unauthorized use of a motor vehicle in the first degree, to run concurrently with each other. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed on the conviction of burglary in the first degree from a determinate term of imprisonment of 25 years to a determinate term of imprisonment of 20 years; as so modified, the judgment is affirmed.

The defendant's contention regarding an alleged *Rosario* violation (*see People v Rosario*, 9 NY2d 286 [1961]) is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Feerick*, 93 NY2d 433, 452 [1999]; *People v Tieman*, 112 AD3d 975, 976 [2013]; *People v Morel*, 43 AD3d 963 [2007]). In any event, the contention is without merit, as the record fails to establish that the hypothetical document at issue actually existed (*see People v Young*, 61 AD3d 786 [2009]; *People v Smith*, 33 AD3d 462, 464 [2006]), or that the People's purported failure to provide it to the defense materially contributed to the result of the trial (*see People v Norris*, 34 AD3d 500 [2006]).

Contrary to the defendant's contention, the identification procedures employed by the Suffolk County Police Department were not unduly suggestive, and that branch of the defendant's omnibus motion which was to suppress testimony regarding the identification of him by a complaining witness was therefore properly denied (*see People v Chipp*, 75 NY2d 327 [1990]; *People v Logan*, 25 NY2d 184, 191 [1969]).

Furthermore, the People were properly permitted to rehabilitate a prosecution witness with her prior consistent statement, since defense counsel's cross-examination of that witness suggested that a portion of her testimony was a recent fabrication (*see People v McDaniel*, 81 NY2d 10, 18 [1993]).

The defendant was not deprived of the right to counsel of his choice (*see People v Wesley*, 134 AD3d 964 [2015]), or the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708 [1998]).

Given the defendant's age and background, and the circumstances of the burglary of which he was convicted, we find that the determinate term of imprisonment of 25 years imposed upon that conviction was excessive to the extent indicated herein. Mastro, J.P., Maltese, Duffy and Brathwaite Nelson, JJ., concur.