The People of the State of New York, Respondent, 
against
Jorge Pinto, Appellant.




Appellate Advocates (John B. Latella, Esq.), for appellant.
District Attorney Queens County (John M. Castellano, JohnnetteTraill of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Stephanie L. Zaro, J.), rendered December 3, 2013. The judgment convicted defendant, after a nonjury trial, of harassment in the second degree.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged, in connection with a 2011 incident, with attempted forcible touching (Penal Law §§ 110.00, 130.52) and harassment in the second degree (Penal Law § 240.26 [1]). Following a nonjury trial, the Criminal Court found defendant not guilty of attempted forcible touching and guilty of harassment in the second degree.
The sole issue raised by defendant on appeal is whether, minutes before the nonjury trial commenced, the Criminal Court erred in refusing to review a District Attorney's Office "transfer memo"—i.e., a memorandum transferring the case file from the assistant district attorney who had been assigned to the case to the assistant district attorney who would be trying the case—to ascertain whether the memorandum contained any witness statements, which would constitute Rosario material.
Defense counsel asked the court "whether there is a transfer memo from the previous DA" to the assistant district attorney who would be trying the case. The incoming assistant district attorney replied that "[t]ransfer memos as far as I understand is [sic] an attorney work product. I don't believe [defendant is] entitled to transfer memos." The prosecutor represented to the court that the memorandum did not contain "any conversation the DA may have had with the complainant." Instead, it may have contained the prior prosecutor's "assessment of the case." The court indicated that defendant was "not entitled to that."
Defendant's claim—that the court should have examined the transfer memo instead of [*2]accepting the prosecutor's representation that the memo did not contain any Rosario material—is unpreserved for appellate review, as defendant did not articulate a factual basis for the assertion that there was alleged Rosario material in the transfer memorandum (see People v Young, 61 AD3d 786 [2009]; cf. People v Shaw, 196 AD2d 558, 558-559 [1993]). In any event, "[g]enerally, the representation of a prosecutor, as an officer of the court, suffices to determine the threshold issue of whether or not any prior statements of a witness exist" (People v Dockery, 278 AD2d 427, 427 [2000]; see People v Poole, 48 NY2d 144, 149 [1979]). This principle applies to a prosecution transfer memorandum.
Accordingly, the judgment of conviction is affirmed.
Weston, J.P., Solomon and Elliot, JJ., concur.

Decision Date: June 02, 2017