■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE FORD, Appellant. [649 NYS2d 12] —Judgment, Supreme Court, New York County (Antonio Brandveen, J.), rendered May 4, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the seventh degree and sentencing him, as a second felony offender, to concurrent prison terms of $4^{1}/_{2}$ to 9 years on the sale conviction and 1 year on each criminal possession conviction, unanimously modified, on the law and the facts, to the extent of vacating the conviction of one count of criminal possession of a controlled substance in the seventh degree and dismissing that count of the indictment and otherwise affirmed.

The court properly permitted the undercover to testify to the description of the drug seller that he radioed to his backup team. Such testimony was admissible "to demonstrate the basis for the backup officer's appearance on the scene and arrest of the particular person described" (*People v Candelario*, 156 AD2d 191, *lv denied* 75 NY2d 964) and "to provide a necessary explanation of the events which precipitated defendant's arrest" (*People v Hynes*, 193 AD2d 516, *lv denied* 82 NY2d 755).

The court properly exercised its discretion in limiting the cross-examination of the undercover officer with respect to the details of an unrelated arrest (*see, People v Sorge*, 301 NY 198). The prosecutor's summation did not deprive defendant of his right to a fair trial (*see, People v Arce*, 42 NY2d 179, 191).

The People concede, and we agree, that one of defendant's two convictions for criminal possession of a controlled substance in the seventh degree must be vacated as both convictions were for the same criminal transaction. Concur—Murphy, P. J., Sullivan, Rubin, Ross and Williams, JJ.