■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGGIE HODGE, Appellant. [655 NYS2d 21] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered September 21, 1994, convicting defendant, after a jury trial, of two counts of robbery in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of 7½ to 15 years, unanimously affirmed.

Defendant's guilt was supported by sufficient evidence and was not against the weight of the evidence. There was overwhelming evidence of guilt, including the testimony of the complainant and another eyewitness who both had ample opportunity to view defendant both during and after the robbery and who both identified him shortly after the incident.

There was reasonable suspicion to detain defendant pending immediate identification where, within five minutes of receiving a transmission that a robbery had been committed by a black male and a black female who were heading in a specific direction, the officers saw defendant walking in a direction consistent with the transmission and looking around nervously, followed by his female codefendant who was attempting to catch up with him, and they were the only persons in the area (*People v Pagan*, 227 AD2d 133, *lv denied* 88 NY2d 991). Moreover, as defendant was being stopped, the codefendant made an incriminating statement.

Testimony by the officers about the substance of the radio transmission was properly admissible at trial to explain the events leading to defendant's apprehension (*see, People v Ford*, 232 AD2d 285) and the court's refusal to give a limiting instruction on this subject was harmless under all the circumstances.

Defendant has failed to demonstrate that there was any error in the translation of the complainant's direct testimony, particularly where defense counsel thoroughly cross-examined the witness in English (*see, People v Frazier*, 159 AD2d 278, *lv denied* 76 NY2d 857).

The court's erroneous no inference charge during voir dire was harmless in view of the overwhelming evidence of defendant's guilt (*People v Koberstein*, 66 NY2d 989; *People v Warnock*, 210 AD2d 33, *lv denied* 85 NY2d 944).

Since there was no factual basis for defense counsel's claim that the prosecutor took notes of the substance of his interviews with one of his witnesses, the prosecutor's representation that he took no notes but instead merely wrote down questions was

sufficient to resolve the issue of whether there had been a *Rosario* violation (*People v Poole*, 48 NY2d 144, 149; *People v Cole*, 196 AD2d 634, 636).

We have reviewed defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Rubin and Andrias, JJ.