■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERT LORENZO, Appellant. [708 NYS2d 859] —Judgment, Supreme Court, New York County (Joan Sudolnik, J.), rendered April 29, 1998, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a persistent violent felony offender, to a term of 21 years to life, unanimously affirmed.

Defendant's claim concerning the alleged nondisclosure of purported *Rosario* material is unpreserved and abandoned (*see, People v Graves*, 85 NY2d 1024, 1027), and we decline to review it in the interest of justice. When the absence of the material in question came to light during trial, defendant insisted on the drastic and premature remedy of a mistrial (*see, People v Rice*, 75 NY2d 929, 932-933), even though the prosecutor had explained that the material was readily accessible and could be produced expeditiously, and after the mistrial motion was properly denied, defendant made no further mention of the issue. Moreover, defendant's claim is unreviewable on the existing record (*see, People v Kinchen*, 60 NY2d 772; *People v Sierra*, 222 AD2d 216, *lv denied* 87 NY2d 977), defendant having forfeited the opportunity to develop a factual basis for his claim that the notes in question constituted *Rosario* material. On the present record, it cannot be determined whether the material, allegedly consisting of a list of questions to be asked at trial, was *Rosario* material in the first place,

because it cannot be determined whether the prosecutor's questions incorporated factual statements made by the witness (*compare*, *People v Dowling*, 266 AD2d 18, *and People v Gourgue*, 239 AD2d 357, *with People v Hodge*, 237 AD2d 234, *lv denied* 90 NY2d 894).

Defendant's contention that the sentencing court should have made a further inquiry of his unelaborated general challenge to the allegations in the predicate statement is unpreserved (*see*, *People v Pellegrino*, 60 NY2d 636; *People v Harris*, 246 AD2d 401, *lv denied* 91 NY2d 926), and we decline to review it in the interest of justice. Were we to review this claim, we would find that defendant was properly adjudicated a persistent violent felony offender (*see*, *People v Jones*, 183 AD2d 471, *lv denied* 80 NY2d 896; *People v Harris*, *supra*). Concur—Williams, J. P., Lerner, Rubin, Saxe and Buckley, JJ.