■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBBIE PINES, Appellant. [748 NYS2d 716] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered April 6, 2000, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree and resisting arrest, and sentencing him, as a second felony offender, to concurrent terms of seven years and one year, respectively, unanimously affirmed.

Defendant opened the door to the People's rebuttal testimony (*see People v Wise*, 46 NY2d 321, 328). While defendant claims that he chose to testify in reliance on an advance ruling precluding rebuttal testimony, which the court then rescinded, the record establishes that the court never made a clear or final ruling on this subject. In any event, defendant was not entitled to an advance ruling on the scope of rebuttal testimony (*see People v Ardito*, 231 AD2d 116, *lv denied* 91 NY2d 923). Were we to find any error in the introduction of the rebuttal testimony, we would find it to be harmless.

The court appropriately exercised its discretion in denying defendant's request for new assigned counsel, made as the trial was about to commence. The court properly concluded that defendant's claimed dissatisfaction with counsel was merely a delaying tactic (*see People v Sawyer*, 57 NY2d 12, 18-19; *People*

*v Medina*, 44 NY2d 199). The court provided defendant with an adequate opportunity to demonstrate good cause for a substitution of counsel, but defendant simply reiterated his conclusory assertion. Since defendant offered no support for his contention that counsel's representation was inadequate, no further inquiry by the court was necessary (*see People v Boucac*, 268 AD2d 297). After the court denied defendant's request, defendant never expressed an unwillingness to proceed with assigned counsel and never asked to represent himself. Accordingly, the issue of self-representation never arose and defendant's present claim that the court should have advised him of his right to proceed pro se is baseless.

Defendant's *Rosario* claim is unpreserved since counsel requested no remedy or sanction with regard to the nondisclosure of the purported *Rosario* material (*People v Rogelio*, 79 NY2d 843; *People v Rivera*, 78 NY2d 901, 903), and we decline to review it in the interest of justice. Were we to review this claim, we would find that it is unsupported by the record since defendant failed to develop a factual basis that the document in question actually existed and also incorporated statements made by a witness concerning the subject matter of the incident (*see People v Kinchen*, 60 NY2d 772; *People v Lorenzo*, 272 AD2d 184, *lv denied* 95 NY2d 855). In any event, defendant's *Rosario* claim would provide no basis for reversal (*see* CPL 240.75).

Defendant's claim that he was prejudiced by the court's questioning of two witnesses is unpreserved (*see People v Charleston*, 56 NY2d 886), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court properly intervened to clarify technical testimony (*see People v Moulton*, 43 NY2d 944; *People v Person*, 251 AD2d 13, *lv denied* 92 NY2d 903).

We perceive no basis for a reduction of sentence. Concur— Tom, J.P., Sullivan, Rosenberger, Ellerin and Rubin, JJ.