■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORENZO McFARLANE, Appellant. [808 NYS2d 273]—Appeal by the defendant from a judgment of the County Court, Nassau County (Belfi, J.), rendered July 1, 2004, convicting him of criminal contempt in the first degree and harassment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see* Penal Law § 215.51 [b] [v]; § 240.26 [1]). Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and

heard the witnesses (*see People v Gaimari*, 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo*, 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

Our review of the record as a whole reveals that the defendant was afforded meaningful representation and therefore was not deprived of the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Rivera*, 71 NY2d 705 [1988]; *People v Baldi*, 54 NY2d 137 [1981]).

The defendant's remaining contention, that the People failed to turn over *Rosario* material (*see People v Rosario*, 9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]), is unpreserved for appellate review as the defendant failed to request any remedy or sanction for the alleged error (*see* CPL 470.05 [2]; *People v Pines*, 298 AD2d 179, 180 [2002]; *People v Wallace*, 293 AD2d 556 [2002]). In any event, the record is not sufficient to make a determination on the merits. Florio, J.P., Schmidt, Fisher and Dillon, JJ., concur.