Judgment, Supreme Court, New York County (Lewis Bart Stone, J.), rendered July 9, 2007, convicting defendant, after a jury trial, of criminal possession of a forged instrument in the *517 second degree and false personation, and sentencing him, as a second felony offender, to an aggregate term of 3 to 6 years, unanimously affirmed.
The court properly denied defendant’s suppression motion. There is no basis for disturbing the court’s credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]). The police lawfully stopped defendant’s car for a traffic violation, and lawfully arrested him for driving with a suspended license.
An officer’s comment while taking pedigree information did not require Miranda warnings. When defendant gave what the officer suspected to be a false name, the officer warned him that giving a false name would result in an additional charge. Such a warning is required under the false personation statute (Penal Law § 190.23). We find no basis for suppression of defendant’s repetition of the false name, or his later post -Miranda statement. Ascertaining an arrestee’s true name is a necessary part of the normal booking process, even if the response may have inculpatory connotations (see People v McCloud, 50 AD3d 379, 380 [2008], lv denied 11 NY3d 738 [2008]; People v Alleyne, 34 AD3d 367 [2006], lv denied 8 NY3d 918 [2007], cert denied 552 US 878 [2007]). Furthermore, the warning was not reasonably likely to elicit an incriminating response. On the contrary, defendant had already incriminated himself by giving a false name, and the warning gave him an opportunity to retract his prior incriminating response (see Matter of Travis S., 180 Misc 2d 234, 236-240 [Fam Ct, Kings County 1999], affd 271 AD2d 611 [2000], affd 96 NY2d 818 [2001]).
Defendant’s claim that the People violated the disclosure requirements of People v Rosario (9 NY2d 286, 289 [1961]) is unreviewable, because nothing in the record indicates that the undisclosed police documents at issue contained anything pertaining to a witness’s testimony, and because defendant forfeited the opportunity to develop a factual basis for his claim during trial (see People v Pines, 298 AD2d 179, 180 [2002], lv denied 99 NY2d 562 [2002]; People v Lorenzo, 272 AD2d 184 [2000], lv denied 95 NY2d 855 [2000]).
Although the People did not comply with the requirements of CPL 240.45 (1) (b) regarding timely disclosure of a witness’s criminal history, we find the error to be harmless (see People v Pressley, 91 NY2d 825 [1997]). Concur—Andrias, J.P., Sweeny, Nardelli, Richter and Abdus-Salaam, JJ.