[894 NYS2d 318]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
JONATHAN BECK, REBECCA HEINEGG, THOMAS MELCHOR,
CHRISTOPHER RYAN and CAROLINE SAMPONARO, et al., Appel-
lants.

Supreme Court, Appellate Term, First Department, January 4, 2010

## APPEARANCES OF COUNSEL

*Oliver & Oliver*, New York City (*Gideon O. Oliver* of counsel), for appellants. *Cyrus R. Vance, Jr., District Attorney*, New York City (*Eric Rosen* and *Susan Gliner* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Judgments of conviction, rendered January 19, 2006, modified, on the law, to the extent of vacating the convictions of parading without a permit and dismissing that charge as to each defendant, and otherwise affirmed.

In the early evening of February 25, 2005, a "Critical Mass" bicycle ride (*see Five Borough Bicycle Club v City of New York*, 483 F Supp 2d 351 [SD NY 2007]; *Bray v City of New York*, 346 F Supp 2d 480 [SD NY 2004]), which attracted approximately 150 participants, commenced from Union Square. The participants cycled out of Union Square Park en mass and on to public streets adjacent to the park. Each of the defendants was arrested in the vicinity of Union Square and charged with disorderly conduct and parading without a permit (Administrative Code of City of NY § 10-110). At the time of their respective arrests, defendants were riding (or walking with) their bicycles on public streets with scores of other cyclists. Following a nonjury trial, each defendant was convicted of disorderly conduct (Penal Law § 240.20 [5] [obstruction of vehicular or pedestrian traffic]) and parading without a permit (Administrative Code § 10-110 [c]).

With respect to their convictions of parading without a permit, defendants argue, among other things, that the version of the parade permit law under which they were convicted is unconstitutional on its face because it failed to adequately define those events that required a permit. In light of this infirmity, defendants assert, the City possessed unfettered discretion in determining the events to which the law applied and that the law was therefore overbroad. We agree, and vacate the convictions of parading without a permit and dismiss those charges.

The parade permit law comprises two components: Administrative Code § 10-110 and title 38, chapter 19 of the Rules of the

City of New York (*see Five Borough Bicycle Club*, 483 F Supp 2d at 357-359; *People v Bezjak*, 11 Misc 3d 424, 430 [2006]; *see also Ward v Rock Against Racism*, 491 US 781, 795-796 [1989]). Administrative Code § 10-110 (a) states, in relevant part, that "[a] procession, parade, or race shall be permitted upon any street or in any public place only after a written permit therefor has been obtained from the police commissioner." At the time defendants were arrested and convicted, section 19-02 of title 38 of the Rules of the City of New York defined a "parade or procession" as "any march, motorcade, caravan, promenade, foot or bicycle race, or similar event of any kind, upon any public street or roadway."* (38 RCNY 19-02 [former (a)].)

As is clear from the plain language of Administrative Code § 10-110 and 38 RCNY 19-02, the prior version of the permit law applied to essentially *any* group of people moving on a public street, including small groups. The permit law under which defendants were convicted is therefore overbroad, since it burdens substantially more speech and expressive conduct than is necessary to further the City's legitimate interests in crowd and traffic control (*see Santa Monica Food Not Bombs v City of Santa Monica*, 450 F3d 1022, 1038-1042 [2006]; *American-Arab Anti-Discrimination Comm. v City of Dearborn*, 418 F3d 600, 608 [2005]; *Cox v City of Charleston, S.C.*, 416 F3d 281, 284-287 [2005]; *see generally Ward v Rock Against Racism*, 491 US at 799). That the City, in practice, may not have required permits for "parades" and "processions" involving small groups is immaterial; a court cannot presume that the official responsible for issuing permits will act in good faith and adhere to standards absent from the face of the permit law (*see City of Lakewood v Plain Dealer Publishing Co.*, 486 US 750, 770 [1988]). Relatedly, the permit law under which defendants were convicted afforded the City, acting through the police commissioner, unduly broad discretion in determining whether a particular event required a permit (*see Forsyth County v Nationalist Movement*, 505 US 123, 130-133 [1992]; *City of Lakewood*, 486 US at 757; *see also Shuttlesworth v Birmingham*, 394 US 147 [1969]; *cf. Thomas v Chicago Park Dist.*, 534 US 316 [2002]).

---

* Section 19-02 (a) was subsequently amended, effective February 25, 2007, to define a "parade" as "any procession or race which consists of a recognizable group of 50 or more pedestrians, vehicles, bicycles or other devices moved by human power, or ridden or herded animals proceeding together upon any public street or roadway" (*see Five Borough Bicycle Club*, 483 F Supp 2d at 358-359). No issue regarding the constitutionality of the amended parade permit law is before us on this appeal.

Accordingly, defendants' convictions of parading without a permit cannot stand.

Turning to defendants' convictions of disorderly conduct, we reject their constitutional challenges to Penal Law § 240.20 (5) (*see People v Tichenor*, 89 NY2d 769 [1997]; *see also Cameron v Johnson*, 390 US 611, 617 [1968]; *Cox v Louisiana*, 379 US 536, 553-556 [1965]; *Cantwell v Connecticut*, 310 US 296, 308 [1940]). Moreover, we find that the evidence, viewed in the light most favorable to the People, was legally sufficient to establish defendants' guilt of disorderly conduct (*see People v Danielson*, 9 NY3d 342, 349 [2007]), and that the portion of the verdict convicting defendants of that offense was not against the weight of the evidence (*see id.* at 348-349; *People v Romero*, 7 NY3d 633 [2006]).

Defendants' argument that the People failed to disclose certain police communications (*see Brady v Maryland*, 373 US 83 [1963]; *People v Rosario*, 9 NY2d 286 [1961]) is unpreserved (*see People v Rogelio*, 79 NY2d 843 [1992]; *People v Pines*, 298 AD2d 179 [2002]). As an alternative holding, we find that defendants' claim is unreviewable on the existing record, since defendants forfeited the opportunity to develop a factual basis for their claim that the police communications constituted *Brady* or *Rosario* material (*see People v Ligon*, 66 AD3d 516 [2009]; *People v Lorenzo*, 272 AD2d 184 [2000]). We have considered and rejected defendants' conclusory challenge to the facial sufficiency of the accusatory instruments.

McKEON, P.J., and HEITLER, J., concur.